UNITED STATES, Appellee

v.

DONALD T. COOKE, Private, U. S. Army, Appellant

:. USCMA 421, 4 CMR 13

No. 307

Decided June 3, 1952

LT. COL. George M. Thorpe, USA, for Appellant.

LT. COL. Paul J. Leahy, USA, and 1ST. LT. Richard L. Brown, USA, for Appellee.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

Petitioner was tried by general court-martial in Korea for desertion with intent to avoid hazardous duty in violation of Article of War 58, 10 USC § 1530, and absence without leave for about two days, in violation of Article of War 61, 10 USC § 1533. He was found guilty and sentenced to a dishonorable discharge, total forfeiture of pay and confinement at hard labor for 20 years. The convening authority approved, and an Army board of review affirmed but reduced the period of confinement to 15 years.

We granted the petition for review solely to consider the law officer's instructions on the elements of the offense of desertion. The issue involves the now familiar situation in which the specification alleges an intent to avoid hazardous duty, yet the law officer includes in his instructions to the court an alternative standard of conviction based on an intent to remain absent permanently.

We have consistently held that the crime of desertion is limited to the particular intent charged, and that failure to tailor the instruction to fit the intent charged constitutes error. United States v. Williams, (No 133), 1 US CMA 186, 2 CMR 92, decided February 21, 1952; United States v. Hemp, (No 290), 1 USCMA 280, 3 CMR 14, decided

April 8, 1952. We have laid down the further proposition that the facts of each case must be analyzed to determine whether such error substantially affected the rights of the accused. United States v. Jenkins, (No 238), 1 USCMA 329, 3 CMR 63 decided April 21, 1952; United States v. Moynihan, (No 278), 1 USCMA 333, 3 CMR 67, decided April 21, 1952; United States v. Boone, (No 320), 1 USCMA 381, 3 CMR 115, decided May 9, 1952.

The record reveals that on March 16, 1951, petitioner was a member of Company "E", 4th Platoon, 5th Cavalry Regiment, which was located near Sodanni, Korea. On that date his company attacked hill 252. During this action, one of the platoons received some automatic rifle and mortar fire, and several men were killed. Petitioner was present as an automatic rifleman during the first part of the attack but was not seen after 11:00 a.m. on that date and could not be found after a search of that area. He was apprehended by Military Police at Pusan on March 19, 1951. On April 25, 1951, petitioner was present for duty with the P and A Platoon, Second Battalion, Fifth Cavalry Regiment, located in the vicinity of Kapyong. On April 26, 1951, he was not present and could not be found although the area was searched. Petitioner was again apprehended April 28, 1951. He remained silent at the trial.

**422**

In the cases of United States v. Williams and United States v. Hemp, supra, we considered that the evidence as to each type of intent was substantial and almost evenly balanced. Upon that consideration we recognized the distinct probability that reasonable men might be led by the broad instruction to reach a finding on an element of intent not framed by the specification and that by reason thereof a fair risk of substantial prejudice was present. However, upon the factual situations presented in United States v. Jenkins, United States v. Moynihan, and United States v. Boone, supra, we were of the opinion that the evidence indicating an intent to avoid hazardous duty was so overwhelming that a reasonable mind would have to ignore the obvious and apparent intent in order to choose that which is at best vague and obscure. We accordingly held in those cases that the error did not materially affect the substantial rights of the accused.

The record in this case impels a conclusion that the court-martial had before it evidence only of an intent to avoid hazardous duty, with no factual basis upon which to predicate any intent to permanently remain away. The absence was for a period of 2 days. Further, in their closing arguments both defense and Government counsel stressed only the intent to avoid hazardous duty, and the latter expressly stated that the accused was not charged with an intent to remain absent permanently. Under these circumstances, the test established in the cases discussed above indicates definitely that petitioner was not prejudiced by the erroneous instruction of the law officer. The decision of the board of review is therefore affirmed.

Judges LATIMER and BROSMAN concur.