UNITED STATES, Appellee

v.

MARLIN W. JUSTICE, Private, U. S. Army, Appellant
1 USCMA 643, 5 CMR 71

LT. COL. George M. Thorpe, USA, and 1ST LT. Michael E. McGarvey, USA, for Appellant.

1ST LT. Eugene L. Grimm, USA, for Appellee.

## Opinion of the Court

PER CURIAM:

The accused was convicted of desertion in violation of Article of War 58, 10 USC § 1530, and was sentenced to a dishonorable discharge, total forfeiture of pay, and confinement at hard labor for two years and six months. The convening authority approved the findings and sentence, suspending the dishonorable discharge until the accused's release from confinement or until completion of appellate review, whichever is the later date. The board of review affirmed. The accused seeks review by petition.

The charge and specification in this case allege desertion with intent to remain absent permanently, based upon an unauthorized absence from March 21, 1951, to August 2, 1951. At the time of original absence, the accused was attached to a processing company of the "6214 Area Service Unit (Pipeline) Replacement Center, Camp Stoneman, California." In instructing the court, the law officer stated the elements of the offense charged as follows: "(a) that the accused absented himself without leave, or remained absent without leave, or remained absent without leave from his place of service, organization, or place of duty, as alleged; (b) that he intended, at the time of absenting himself or at some time during his absence, to remain away permanently from such place, or to avoid hazardous duty, or to shirk important service as alleged; (c) that his absence was of a duration and terminated as alleged; and (d) that the desertion was committed under the circumstances alleged."

We have previously held that "where intent has been alleged in a desertion case, that element of the crime is limited by the particular intent charged, and the instructions must be narrowed to meet the allegation." United States v. Jenkins (No. 238), 1 USCMA 329, 3 CMR 63, decided April 21, 1952. Here the specification alleged an intent to remain absent permanently. The law officer instructed the court that the accused could be found guilty if the court found an intent to remain absent permanently, an intent to avoid hazardous duty, or an intent to shirk important service. This was error. United States v. Jenkins, supra. We are required, however, to determine whether this error was prejudicial.

The evidence showed an unauthorized absence of approximately 132 days. Under the circumstances, this would be sufficient evidence to support a finding of intent to remain absent permanently. United States v. McCrary (No. 4), 1 USCMA 1, 1 CMR 1, decided November 8, 1951. However, the accused went absent from a unit which, by its designation, indicates that he was being processed for duty overseas. This constitutes evidence from which the court might infer an intent to shirk important service. United States v. McCrary, supra; United States v. Uchihara (No. 60), 1 USCMA 123, 2 CMR 29, decided February 4, 1952; United States v. Shull (No. 45), 1 USCMA 177, 2 CMR 83, decided February 18, 1952. Under this state of the evidence, we cannot say that reasonable men might not have been misled by the broad instruction into reaching a finding of guilty on an element

of intent not framed by the specification. United States v. Williams (No. 133), 1 USCMA 186, 2 CMR 92, decided February 21, 1952; United States v. Hemp (No. 290), 1 USCMA 280, 3 CMR 14, decided April 8, 1952; United States v. Cooke (No. 307), 1 USCMA 421, 4 CMR 13, decided June 3, 1952.

The petition for review is granted; the decision of the board of review is reversed; and the case is remanded to the Army Judge Advocate General for rehearing or other action not inconsistent herewith.