## MANLEY v. STATE OF GEORGIA.

No. 429.   Argued December 4, 1928.—Decided February 18, 1929.

 Messrs. *Walter T. Colquitt* and *Marion Smith,* with
whom *Messrs. Ben J. Conyers, Paul S. Etheridge,* and
*A. G. Powell* were on the brief, for appellant.

1

2

*Mr. Reuben R. Arnold,* with whom *Mr. John A. Boy-kin,* Solicitor General of Georgia was on the brief, for appellee.

Mr. JUSTICE BUTLER delivered the opinion of the Court.

Appellant was convicted in the Superior Court of Fulton County, Georgia, of a violation of § 28, Art. XX of the state Banking Act of 1919. The judgment was affirmed in the highest court of the State. 166 Ga. 563. Appellant challenged the validity of that section on the ground, among others, that the presumption created by it is so unreasonable and arbitrary as to amount to a denial of due process of law in violation of the Fourteenth Amendment. His contentions were overruled by both courts, and that question is here for decision. § 237 (a), Judicial Code.

The questioned section follows: " Every insolvency of a bank shall be deemed fraudulent, and the president and

directors shall be severally punished by imprisonment and labor in the penitentiary for not less than one (1) year nor longer than ten (10) years; provided, that the defendant in a case arising under this section, may repel the presumption of fraud by showing that the affairs of the bank have been fairly and legally administered, and generally, with the same care and diligence that agents receiving a commission for their services are required and bound by law to observe; and upon such showing the jury shall acquit the prisoner."

This section is in words substantially the same as one first found in the Georgia Penal Code of 1833. But its meaning has been changed by a recent statutory definition of insolvency. Section 5, Art. I, Banking Act of 1919, declares: "A bank shall be deemed to be insolvent, first, when it cannot meet its liabilities as they become due in the regular course of business; second, when the actual cash market value of its assets is insufficient to pay its liabilities to depositors and other creditors; third, when its reserve shall fall under the amount herein required and it shall fail to make good such reserve within thirty (30) days after being required to do so by the Superintendent of Banks." Prior to its enactment, none of the conditions specified was deemed insolvency. *Griffin* v. *State,* 142 Ga. 636, 642, *et seq.*

Construing § 28, after this enlargement of the meaning of insolvency, the state court, *Snead* v. *State* (1927), 165 Ga. 44, held that upon proof of insolvency, it is presumed to be fraudulent, and an accused president or director is presumed to be guilty. The court said (p. 53) that this " is but an application to a criminal case of the doctrine of *res ipsa loquitur,* often applied in civil proceedings. . . . (p. 55) The State is only required to prove that the bank was under the management and control of the accused, and that it became insolvent while it was within the management and control of the defendant either by

himself alone or conjointly with associates in its management."

The indictment in the case at bar merely alleges that at a time and place specified appellant, being president of a bank named and he and two others being directors of said bank " and the said accused being by law then and there charged with the fair and legal administration of the business and affairs of the said " bank " then and there pending and during the said official charge and responsibility of the said accused, the said " bank " did become fraudulently insolvent, contrary . . ." etc.

Referring to the language of the section, the court in this case declared that the affairs of a bank are " fairly and legally " administered when they are administered " honestly " and " in accordance with law." And it said (p. 578) that the presumption that the insolvency is fraudulent " places upon these officers the burden of showing that they administered the affairs of the bank with the same care and diligence that agents receiving a commission for their services are required and bound by law to observe. . . . (p. 579) In addition, this statute . . . permits the accused to rebut the presumption against him . . . by showing other facts, such as that the insolvency was caused by an unexpected panic in the country, or by the speculation of some officer or agent for which the accused was in no way responsible, or by any other facts rebutting the presumption of fraudulent conduct on his part." The proviso permits the presumption that a crime has been committed to be repelled by the showing specified therein; and, under the decisions of the court, the accused may show any facts that tend to rebut the presumption that he is guilty of the offense charged.

State legislation declaring that proof of one fact or a group of facts shall constitute prima facie evidence of the main or ultimate fact in issue is valid if there is a rational connection between what is proved and what is to be in-

ferred. If the presumption is not unreasonable and is not made conclusive of the rights of the person against whom raised, it does not constitute a denial of due process of law. *Mobile, J. & K. C. R. R.* v. *Turnipseed,* 219 U. S. 35, 43. A prima facie presumption casts upon the person against whom it is applied the duty of going forward with his evidence on the particular point to which the presumption relates. A statute creating a presumption that is arbitrary or that operates to deny a fair opportunity to repel it violates the due process clause of the Fourteenth Amendment. *Bailey* v. *Alabama,* 219 U. S. 219, 233, *et seq.* Mere legislative fiat may not take the place of fact in the determination of issues involving life, liberty or property. " . . . it is not within the province of a legislature to declare an individual guilty or presumptively guilty of a crime." *McFarland* v. *American Sugar Co.,* 241 U. S. 79, 86.

The presumption here involved does not rest upon any definite basis. It is raised upon proof of any one or more of the conditions described as insolvency and without regard to the facts from which such condition resulted. The statute does not specify the elements of the offense; and so the inference is not restricted to any particular point or specific issue. The facts so to be presumed are as uncertain and vague as the terms "fraudulent" and "fraud" contrasted with "fairly," "legally," "honestly," and "in accordance with law," when used to describe the management of a bank. *Connally* v. *General Construction Co.,* 269 U. S. 385, 391. *Cline* v. *Frink Dairy Co.,* 274 U. S. 445, 454. Nor is the generality of the presumption aided by the allegations of the accusation. The indictment merely follows the general words of the statute without specifying facts to disclose the nature or circumstances of the charge. *Snead* v. *State, supra,* 54. And see *United States* v. *Cruikshank,* 92 U. S. 542, 562. And as to guilt also, the presumption is sweeping. It extends

to all directors. There may be from three to twenty-five. The president is required to be a director.

The presumption extends to the *corpus delicti* as well as to the responsibility of the president or director accused. The proof which makes a prima facie case points to no specific transaction, matter or thing as the cause of the fraudulent insolvency or to any act or omission of the accused tending to show his responsibility. He is to be convicted unless he negatives every fact, whether act or omission in the management of the bank, from which fraudulent insolvency might result or shows that he is in no way responsible for the condition of the bank.

Inference of crime and guilt may not reasonably be drawn from mere inability to pay demand deposits and other debts as they mature. In Georgia banks are permitted to lend up to 85 per cent. of their deposits. Unforeseen demands in excess of the reserves required do not tend to show that the crime created by § 28 has been committed. The same may be said as to the other conditions defined as insolvency. The connection between the fact proved and that presumed is not sufficient. Reasoning does not lead from one to the other. *Hawes* v. *Georgia,* 258 U. S. 1, 4. The presumption created by § 28 is unreasonable and arbitrary. *Bailey* v. *Alabama, supra.* *McFarland* v. *American Sugar Co., supra.*

*Judgment reversed.*