THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES DIXON, Relator, *v.* RICHARD J. LEWIS, as Sheriff of Albany County, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES LATHAM, Relator, *v.* RICHARD J. LEWIS, as Sheriff of Albany County, Respondent.

Supreme Court, Special Term, Albany County, August 7, 1936.

328

*Edward F. O'Connor*, for the relators.

*John T. Delaney, District Attorney* [*Henry S. Kahn, Assistant District Attorney*, of counsel], for the respondent.

BERGAN, J. By the writs of habeas corpus the relators challenge the constitutionality of chapter 390 of the Laws of 1936, which added section 1898-a to the Penal Law. This new section does not establish a crime, but relates wholly to evidence of the crime created by section 1897 of the Penal Law, which, so far as here material, prohibits the unlicensed possession of weapons. The new section provides in substance that the presence in an automobile of any of the weapons prohibited by statute shall be presumptive evidence of illegal possession " by all the persons found in such automobile at the time such weapon * * * is found." The Legislature of this State possesses the whole legislative power of the people, except so far as such power may be limited by the Constitution. (*Bank of Chenango* v. *Brown*, 26 N. Y. 467.) In the exercise of this power the Legislature has jurisdiction over the rules of evidence both in civil and criminal cases. (*Board of Commissioners of Excise* v. *Merchant*, 103 N. Y. 143.) Limitation of the exercise of legislative power over rules of evidence exists only when, in dealing with evidence as with other subjects, the legislative enactment is in conflict with the Constitution.

The relators contend that section 1898-a of the Penal Law is in conflict with the Fifth Amendment of the Constitution of the United

States, which provides that no person shall " be compelled in any criminal case to be a witness against himself, nor deprived of life, liberty, or property, without due process of law," and that it is likewise in conflict with article I, section 6, of the Constitution of the State of New York, which contains substantially similar language. The Fifth Amendment to the Constitution of the United States imposes no restraint upon the States, but operates solely as a limitation of the power of the Federal government. The statute under consideration does not operate to impose any compulsion upon a person accused of crime to be a witness against himself. (*People* v. *Adams,* 176 N. Y. 351, 356, 359.)

The substantial constitutional question that here arises is whether the enactment is in conflict with the Fourteenth Amendment of the Constitution of the United States, which prohibits any State from depriving a person of life, liberty or property without due process of law, and with the identical clause of section 6 of article 1 of the State Constitution.

If a presumption created by the Legislature in a criminal case is arbitrary and unreasonable, a defendant is deprived of the due process of law to which he is entitled under both the Constitution of the United States and that of the State. What is arbitrary and unreasonable must largely rest upon the kind of presumption created, the extent to which it is conclusive of the rights of the person against whom raised, and the public necessity for its enactment.

To enact by statute, for instance, that any one found in a house in which a person had been murdered would be presumed to have caused the death of such person, would be an arbitrary and unreasonable presumption and clearly in conflict with the constitutional guaranty of a trial by due process of law, but it is competent for the Legislature to create other kinds of presumptions which are neither so conclusive nor so arbitrary, the effect of which shall be that, when certain facts have been proved, they shall be *prima facie* evidence of the existence of the main fact in question. The Court of Appeals in *People* v. *Cannon* (139 N. Y. 32) said (at p. 43): " The limitations are that the fact upon which the presumption is to rest must have some fair relation to, or natural connection with the main fact. The inference of the existence of the main fact because of the existence of the fact actually proved, must not be merely and purely arbitrary, or wholly unreasonable, unnatural or extraordinary, and the accused must have in each case a fair opportunity to make his defense, and to submit the whole case to the jury, to be decided by it after it has weighed all the evidence and given such weight to the presumption as it shall seem proper. A provision of this kind does not take away or impair the right of trial by jury. It does not in reality and finally change the burden

of proof. The people must at all times sustain the burden of proving the guilt of the accused beyond a reasonable doubt. It, in substance, enacts that, certain facts being proved, the jury may regard them, if believed, as sufficient to convict, in the absence of explanation or contradiction. Even in that case, the court could not legally direct a conviction. It cannot do so in any criminal case. That is solely for the jury, and it could have the right, after a survey of the whole case, to refuse to convict unless satisfied beyond a reasonable doubt of the guilt of the accused, even though the statutory *prima facie* evidence were uncontradicted." (See *Commonwealth* v. *Williams*, 6 Gray [Mass.], 1.)

The Supreme Court of the United States has said: " State legislation declaring that proof of one fact or a group of facts shall constitute *prima facie* evidence of the main or ultimate fact in issue is valid if there is a rational connection between what is proved and what is to be inferred. If the presumption is not unreasonable and is not made conclusive of the rights of the person against whom raised, it does not constitute a denial of due process of law." (*Manley* v. *Georgia*, 279 U. S. 1. See, also, *Mobile, J. & K. C. R. R.* v. *Turnipseed*, 219 id. 35, 43.) A statute creating a presumption that is arbitrary or operates to deny a fair opportunity to repel it, violates the due process clause of the Fourteenth Amendment. (*Bailey* v. *Alabama*, 219 U. S. 219, 233.) " It is not within the province of a Legislature to declare an individual guilty or presumptively guilty of a crime." (*McFarland* v. *American Sugar Co.*, 241 U. S. 79, 86.)

In this State the doctrine of reasonableness as applied to presumptions in criminal cases has recently been considered by the Court of Appeals in *People* v. *Mancuso* (255 N. Y. 463) and in *People* v. *Pieri* (269 id. 315). In the latter case the court passed upon, among other things, the validity of the presumption created by subdivision 11 of section 722 of the Penal Law, dealing with disorderly conduct, which was held to be a reasonable and natural presumption, and to provide a rational relation between the fact proved and the fact presumed. A somewhat similar, but not precisely apposite question was considered in *People* v. *Rosenthal* (197 N. Y. 394).

In dealing with " due process of law " consideration should be given to rules of evidence which have long been part of the common law and developed in the process of its evolution, both by decisions of the courts and the enactments of the Legislature. Among these is the principle deeply founded in the common law that the burden of proving the existence of a fact peculiarly within the knowledge of the accused is placed upon him. (*People* v. *Nyce*, 34 Hun, 298.) In discussing this rule as applicable to the presumption in the

criminal case under discussion in *People* v. *Cannon* (*supra*), the Court of Appeals said (at p. 46): " Within the limitations already alluded to and described, the statute may provide for the presumption and call upon the defendant to explain the fact."

It is apparent that the existence of a gun in an automobile is peculiarly within the knowledge of the persons in the automobile at the time it is found. If they have no actual knowledge of its presence, there cannot be a conviction, and the burden of proof of establishing beyond reasonable doubt their possession of the gun or weapon is nevertheless with the people. Even if the prosecution be aided in the *prima facie* proof by the statutory presumption, it does not limit or constrain the paramount presumption of innocence.

I conclude that the presumption created by section 1898-a of the Penal Law is not arbitrary or unreasonable; that it is not conclusive of the rights of the accused, and that the statute does not deny a fair opportunity to rebut the presumption by facts showing the accused was without knowledge of the presence of the weapon in the automobile.

The exigencies and necessities of the problem with which the Legislature dealt in this enactment have a significant bearing upon the question whether the presumption created is arbitrary or unreasonable. The automobile and the gun are correlated and necessary parts of the equipment of the modern criminal. The unlicensed gun carried in an automobile in which there are several persons has hitherto constituted an insurmountable barrier to the prosecution, because the " possession " could not be attributed to any of the occupants. Typical of such a situation was that which arose in *People ex rel. De Feo* v. *Warden of City Prison* (136 Misc. 836). There, upon a writ of habeas corpus, it was held by this court that where several men were in an automobile in which a gun was found the rather absurd result must be reached that none of them possessed the gun, " notwithstanding the fact," the court said, " that its presence in an automobile makes it available for instant use by any of the occupants."

Common sense dictates the necessity of a remedy for this defect in the law, and the Legislature, within its jurisdiction to enact rules of evidence, has provided it. Where proof is made establishing the presence of a weapon in an automobile, it does not seem unreasonable that those who occupy the automobile should explain their knowledge of its presence, and from this I apprehend no danger to the innocent. The statute does not deprive the relators of the privilege of due process of law and the other constitutional questions raised are without substance.

The writs are quashed and dismissed.

Submit order.