UNITED STATES, Appellant

v.

LOUIS E. BONDAR, Private E–2, U. S. Army, Appellee

2 USCMA 357, 8 CMR 157

No. 1781

Decided March 26, 1953

Lt Col Thayer Chapman, U. S. Army, and 1st Lt Bernard A. Feuerstein, U. S. Army, for Appellant.

Lt Col James C. Hamilton, U. S. Army, and 1st Lt James A. Hagan, U. S. Army, for Appellee.

## Opinion of the Court

Robert E. Quinn, Chief Judge:

The accused in this case, Private Louis E. Bondar, United States Army, was tried by general court-martial on a charge of desertion in violation of the Uniform Code of Military Justice, Article 85, 50 USC § 679. He was convicted, instead, of the offense of unauthorized absence in violation of Article 86 of the Code, 50 USC § 680. The findings and sentence were set aside and the charges were ordered dismissed by the board of review. The case is before us on certificate of The Judge Advocate General, United States Army, pursuant to the provisions of the Uniform Code of Military Justice, Article 67(b)(2), 50 USC § 654, raising the following issues:

"1. Is the offense absence without leave included in a specification alleging that an accused 'did, . . . with intent to shirk important service, . . . quit his organization . . . and did remain so absent in desertion until he was apprehended . . . '?

"2. If the answer to (1) is in the affirmative, does a finding that the accused 'did . . . quit his organization . . . and did remain so absent until he was apprehended . . .' allege the offense of absence without leave, or was it necessary for the court to make substitutions finding that accused did quit his organization 'without proper authority'?"

The offense of desertion is defined by Article 85 of the Code, supra, as follows:

"ART 85. Desertion.

"(a) Any member of the armed forces of the United States who—

"(1) without proper authority goes or remains absent from his place of service, organization, or place of duty with intent to remain away therefrom permanently; or

"(2) quits his unit or organization or place of duty with intent to avoid hazardous duty or to shirk important service; or

"(3) without being regularly separated from one of the armed forces

358

enlists or accepts an appointment in the same or another one of the armed forces without fully disclosing the fact that he has not been so regularly separated, or enters any foreign armed service except when authorized by the United States;

is guilty of desertion."

It will be noted that the element of absence without authority, required for desertion with intent to remain absent permanently, is not specifically mentioned in the definition of desertion with intent to avoid hazardous duty or to shirk important service. Instead, the drafters of the Code used the word "quits." Determination of the meaning of this word is essential to resolution of this controversy. If "quits" equals absence alone, then a specification alleging desertion with intent to shirk important service contains no allegation of unauthorized absence and, a fortiori, does not necessarily include as a lesser offense the crime of absence without authority. See Manual for Courts-Martial, United States, 1951, paragraph 158. On the other hand, if "quits" is synonymous with "absence without authority" then the lesser offense of absence without leave is necessarily included within a specification alleging desertion with intent to shirk important service in the words of Article 85, supra.

It is important to note at the outset that absence without leave has always been considered to be a lesser included offense of desertion with intent to remain absent permanently, to avoid hazardous duty, and to shirk important service. See United States v. Fragassi, 13 BR 329; United States v. Lineberger, 14 BR 255; United States v. Townsend, 14 BR 277; CM 351519, Sutton, 3 CMR 162. Further, it is so provided in the "Table of Commonly Included Offenses," Appendix 12 to the Manual for Courts-Martial, United States, 1951. It is material, too, that the sample forms for specifications under Article 85 use the word "quits" and omits the phrase "absence without authority" precisely as does the specification in the instant case.

Appellate defense counsel makes much of the fact that the present wording of Article 85, supra, represents a change from preceding statutes. It is contended that, while prior law required proof of absence without leave to support a finding of desertion with intent to avoid hazardous duty or to shirk important service, this requirement is conspicuously absent in Article 85 of the Code. We do not agree with this rationale. Article 28 of the preceding Articles of War, 10 USC § 1499, states that "Any person subject to military law who quits his organization or place of duty with the intent to avoid hazardous duty or to shirk important service shall be deemed a deserter." Nowhere do the words "absence without authority" appear. The Manual for Courts-Martial, U. S. Army, 1949, paragraph 146, in discussing the offense of desertion, defines desertion as "absence without leave accompanied by the intention not to return, or to avoid hazardous duty, or to shirk important service." It would seem quite clear, therefore, that the drafters of the 1949 Manual considered "quit" and "absence without leave" to be synonymous in legal content. The present Article 85, supra, does little more than combine Article 28, supra, and Article 58 of the Articles of War, 10 USC § 1530, and we cannot perceive, either in the language used or in the legislative history, any intent to change the prior law in this respect. It would be a distinct novelty to military law if absence without authority were not lesser included within the three major types of desertion and we are not disposed to adopt such a view without some positive indication of a desire for change by Congress.

We may note also that it is extremely difficult, from a logical standpoint, to give to the word "quits" as used in Article 85 of the Code any interpretation other than an absence without authority. Otherwise, an authorized absence from a unit, organization or place of duty could form the basis for an offense under the article. If "quits" does not import leaving without authorization, then the Article just does not make sense.

It is our conclusion that the word "quits" is used in Article 85 as a word of art legally synonymous with "goes

**359**

absent without authority." Under this view, both of the questions certified must be answered in the affirmative.

The decision of the board of review is reversed and the case is remanded to The Judge Advocate General of the Army for action not inconsistent with this opinion.

Judges LATIMER and BROSMAN concur.