UNITED STATES, Appellee

v

EDWARD C. HUFF, Seaman Apprentice,
U. S. Coast Guard, Appellant

7 USCMA 247, 22 CMR 37

No. 7460

Decided August 17, 1956

*Lieutenant Commander David W. Woods* and *Lieutenant Commander Henry C. Keene, Jr.,* argued the cause for Appellant, Accused. With them on the brief was *Lieutenant Commander Van Dyck Hubbard.*

*Lieutenant Neal E. Williams, Jr.,* argued the cause for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused was convicted of two charges of desertion, in violation of Article 85, Uniform Code of Military Justice, 50 USC § 679. The specification of the first charge alleges an intent to remain away permanently, while that of the Additional Charge alleges that the accused enlisted in the United States Army without disclosing that he had not been regularly separated from the United States Coast Guard. The convening authority affirmed the findings of guilty and the sentence, which

includes a bad-conduct discharge. A board of review reduced the findings of guilty on the first charge to unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, supra, § 680. However, it affirmed the desertion alleged under the Additional Charge and the sentence. We granted review to determine whether the desertion offense affirmed by the board of review requires proof of a specific intent. Later, we enlarged our grant to include the question of whether the accused "may deny an intent to remain away permanently, where he is charged with desertion from the Service involving that specific intent and admits the act of consciously enlisting in another Armed Service."

After three years' service in the Army, which included combat duty in Korea, the accused was honorably discharged. Some months later, he enlisted in the Coast Guard. For about three months he served without incident. On December 5, 1954, he left his station at Portsmouth, Virginia, to spend the week-end with his family in Louisville, Kentucky. When his liberty pass expired on the following Monday, he still had not returned to his unit. He was declared absent without leave as of December 6.

At the trial, the accused, who is twenty-two years of age, testified that while at home he discovered that his family was in serious difficulty. His youngest brother and sister, who are ten and eleven years old respectively, were in foster homes and were not receiving proper care; another sister, who is twenty-one years old, was very ill; a brother, fifteen years old, was in a juvenile detention home; his grandmother, who had just been released from the hospital, insisted upon receiving financial help from him. Although the accused's father was alive, he was incapacitated and unable to help the children in any way. In this situation, the accused enlisted in the Army at Louisville on December 7. He used his true name, but did not disclose he was a member of the Coast Guard. He further testified that he felt that he had to remain in the area to help his family and "get them all together." Five days after en-

listing, he voluntarily disclosed he had never been separated from the Coast Guard. His reason for doing so was that he "realized that [he] was just messing things up." Thereafter, the accused was given an undesirable discharge from the Army.

When the accused returned to Coast Guard control, the two charges of desertion were filed against him, and he was tried and convicted of both. On reviewing the record of trial, a board of review determined that the evidence was insufficient in fact to support the finding of an intent to remain away permanently. Consequently, as to the first charge, the board of review affirmed only the lesser offense of absence without leave. However, it also held that enlisting in another service constitutes a separate, substantive offense of desertion which does not require a specific intent to remain away. Therefore, it affirmed the findings of guilty of the Additional Charge.

In United States v Johnson, 5 US CMA 297, 17 CMR 297, we considered the same offense under review here. In that case, the accused enlisted in the Army without revealing he was a member of, and had not been separated from, the Navy. Later, he was tried and convicted on two specifications of desertion. One specification alleged intent to remain away permanently, and the other set out the enlistment in another service. On appeal, the board of review held that the charges were multiplicitous, and, accordingly, the accused could not be legally sentenced for both offenses. Certifying the case to this Court, The Judge Advocate General of the Navy specifically requested review on whether the offenses were "separate" for the purpose of punishment. Writing for the Court, Judge Latimer said (page 301):

". . . Here our problem is not so much testing for separability of two known offenses as it is one of determining whether Article 85(a)(3) creates a substantive offense at all, or whether it merely prescribes a method of proving the offense proscribed by Article 85(a)(1). When we consider the reason for originally enact-

ing the reenlistment provision, its early history, its interpretation by authorities on military law, and the fact that it was never discussed or labeled as, or bracketed with, the punitive articles until the Uniform Code of Military Justice was enacted, *we reach a conclusion that Congress did not intend to create a new and separate offense, but merely sought to perpetrate a rule of evidence by which the prosecution could prove absence without authority with intent to remain away permanently.*" [Emphasis supplied.]

In the Johnson case, and in a number of other cases, we pointed out that the legislative history of Article 85 indicates that Congress did not intend to change substantially the existing law on desertion. United States v Redenius, 4 USCMA 161, 15 CMR 161; United States v Bondar, 2 USCMA 357, 8 CMR 157. We also reviewed the law of desertion from the earliest Articles of War to the Uniform Code and traced the discussion of the offense in the Manuals for Courts-Martial, 1917, 1928, 1949, and 1951. Nowhere in the statutes or in the Manuals did we find any intimation that the reenlistment type of desertion was a separate, substantive offense which could be proved without evidence of a specific intent. On the contrary, the review supported our conclusion that Congress codified a rule of evidence. In sum, Congress merely provided that enlistment in another service without full disclosure of an existing duty status is merely evidence of an intent not to return.

The ruling in the Johnson case is decisive as to the first question. We hold, therefore, that desertion by reenlisting is not a separate offense, but a form of desertion with intent to remain away permanently.

Our conclusion as to the nature of the offense does not dispose of the case. Left for consideration is whether the accused is precluded from denying the intent to desert when he admits he improperly reenlisted in another service. In its brief, the Government concedes that if reenlistment is a form of deser-

tion with the intent to remain away, the "weight of the law" requires a negative answer. This concession is proper.

It is well settled that under ordinary circumstances on appeal a party is estopped from contradicting the legal effect accorded to his tactics at the trial. United States v Blevens, 5 USCMA 480, 18 CMR 104; United States v Garcia, 5 USCMA 88, 17 CMR 88. That rule has no application here. To preclude the accused from contesting the question of his intention to desert because he admits the reenlistment, is tantamount to creating a conclusive presumption of an intention to remain away permanently from the fact of reenlistment. Such a presumption is illegal.

In the criminal law an accused cannot be denied every opportunity to present evidence at the trial to negate the existence of every element of the offense charged. Manley v Georgia, 279 US 1, 49 S Ct 215, 73 L ed 575 (1929); Bailey v Alabama, 219 US 219, 31 S Ct 145, 55 L ed 191 (1911); see also Heiner v Donnan, 285 US 312, 52 S Ct 358, 76 L ed 772 (1932). We hold, therefore, that the accused cannot be deprived of his right to deny the intent to remain away permanently, notwithstanding the fact that he admits enlisting in another service. To hold otherwise would result in deleting intent as an essential element of the offense. See Wigmore, Evidence, 3d ed, § 2492. Accordingly, the decision of the board of review as to the Additional Charge is set aside.

Since the board of review has already determined that "on the facts of the . . . case" the intent to remain away permanently is incorrect, and it disapproved that finding on the original charge, it is appropriate to dismiss the Additional Charge, and it is so ordered. On the basis of the findings of guilty of unauthorized absence which have been approved by the board of review in regard to the original charge, that part of the sentence which exceeds confinement at hard labor for six months is illegal. E.O. 10565, September 28, 1954, 19 F.R. 6299. The record of trial is returned to The General Counsel of

the Treasury Department for action consistent with this opinion.

Judges LATIMER and FERGUSON concur.