HARDY, Judge.
This is an expropriation suit instituted by plaintiff, naming as defendants certain parties hereinafter designated as the Tucker Heirs, in which there was deposited in the registry of the court the sum of $7,209.00, representing plaintiff's evaluation of the property sought to be expropriated.
To these proceedings intervened certain other parties as plaintiffs in reconvention, claiming the amount deposited in the registry of the court. The original defendants, that is, the Tucker Heirs, have appealed from judgment in favor of intervenors.
The property sought to be expropriated consists of a seventy-five foot strip of land through Section 22, Township 17 North, Range 15 West, Caddo Parish, Louisiana, originally owned by A. W. Tucker. On September 1,1853, Tucker granted this strip of land to the Vicksburg, Shreveport & Texas Railway Company to be used as a railroad right-of-way. This easement was abandoned by the Illinois Central Railway Company, successor in title to the original grantor. In recent years the Tucker Heirs instituted suit which resulted in judgment declaring that the original grant constituted a servitude and not a fee title. The issue in the present suit relates to the respective rights of the Tucker Heirs as original owners and the intervenors as the present claimants of title to the lands abutting the right-of-way strip.
The sole specification of error asserted by the Tucker Heirs on this appeal is directed to the contention of unconstitutionality of Act 555 of 1956 of the Legislature of the State of Louisiana presently embodied in the LSA-Revised Statutes of 1950, Title 9:2971 et seq. This statute establishes the conclusive presumption that the grantor of land abutting a right-of-way is considered to have conveyed all of his interest therein unless the instrument of conveyance included an express statement to the contrary, and, further, provides that any persons adversely affected are required to assert their rights within a period of one year from August 1, 1956.
The attack on the constitutionality of the above statute may be summed up in the contention that it impairs the obligation of contracts, deprives the defendants of their property without due process of law and impairs vested rights without just and adequate compensation, all being in violation of Article 1, Section 10; Section 1 of the Fourteenth Amendment of the Constitution of the United States, and Section 15 of Article 4 of the Constitution of Louisiana of 1921, LSA.
In support of the plea of unconstitutionality appellants strongly rely, inter alia, upon Manley v. State of Georgia, 279 U.S. 1, 49 S.Ct. 215, 73 L.Ed. 575; Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519, and State v. Birdsell, 235 La. 396, 104 So.2d 148. In our opinion, these cases are inappropriate since they concern the commission of crimes and the testing of the validity of the statutes involved on the basis of the presumption of certain evidence.
A summary of the application of the holdings in these cases is set forth by our Supreme Court in its opinion in the Birdsell case, as follows:
“With further reference to the above mentioned conclusive presumption, the United States Supreme Court appropriately observed in Manley v. State of Georgia, 279 U.S. 1, 49 S.Ct. 215, 217, 73 L.Ed. 575, as follows: ‘If the presumption is not unreasonable and is not made conclusive of the rights of the person against whom raised, it does not constitute a denial of due process of *434 law. * * * A'prima facie presumption casts upon the person against whom it is applied the duty of going forward with his evidence on the particular point to which the presumption relates. A statute creating a presumption that is arbitrary or that operates to deny a fair opportunity to repel it violates the due process clause of the Fourteenth Amendment. * * * Mere legislative fiat may not take the place of fact in the determination of issues involving life, liberty or property. * * * ’ ” (Emphasis supplied)
We think there can be no question as to the fact that the statute under attack was intended to be an act of repose, designed for the purpose of quieting title, and, therefore, its validity must be measured upon the basis of legislative reason. If the provisions are deemed to be arbitrary, it would necessarily follow that the action of the Legislature should and would be reversed.
The standard of reason, and, conversely, a determination of the claim of arbitrary action, is to be found in Atchafalaya Land Company v. F. B. Williams Cypress Company, et al., 146 La. 1047, 84 So. 351, affirmed by the U. S. Supreme Court, 258 U.S. 190, 42 S.Ct. 284, 66 L.Ed. 559. The following expression is taken from the opinion of the United States Supreme Court in the cited case:
“[The rationale of statutes of limitations] * * * do not necessarily lessen rights of property or impair the obligations of contracts. Their requirement is that the rights and obligations be asserted within a prescribed time. If that be adequate, the requirement is legal, and its justice and wisdom have the testimony of the practices of the world.”
Additional authority under the jurisprudence of our State is found in Cooper v. Lykes, et al., 218 La. 251, 49 So.2d 3, in which our Supreme Court declared:
. “The Legislature is the judge of the reasonableness of time and the courts will not interfere except where the time is so short as to amount to a denial of justice. Atchafalaya Land Co. v. F. B. Williams Cypress Co., supra. The statute gives any person whose rights are affected a period of one year in which to exercise their rights. We are not prepared to say that the length of time is unreasonable.”
We have reached the identical conclusion in the instant case and not only are not prepared to say the one-year period is unreasonable under the circumstances, but, to the contrary, we think it is reasonable and acceptable, doing no violence to nor constituting any impairment of the rights of appellants.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.