**UNITED STATES, Appellee,**

v.

**Thaddeus E. THUN, Specialist
U.S. Army, Appellant.**

No. 67,893.

CM 9101264.

U.S. Court of Military Appeals.

Argued Jan. 7, 1993.

Decided April 29, 1993.

For Appellant: *Captain David L. Thomas* (argued); *Lieutenant Colonel James H.*

*Weise, Major Fran W. Walterhouse, Captain Timothy M. Lawlor* (on brief); *Captain Michael P. Moran* and *Captain Holly K. Desmarais.*

For Appellee: *Captain David G. Tobin* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel Joseph A. Russelburg, Major Timothy W. Lucas, Captain Sheila E. McDonald* (on brief).

*Opinion of the Court*

WISS, Judge:

Despite not-guilty pleas, a military judge sitting alone as a general court-martial convicted appellant of desertion, in violation of Article 85, Uniform Code of Military Justice, 10 USC § 885, and sentenced him to a dishonorable discharge, confinement for one year, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved these results, and the Court of Military Review affirmed without opinion on February 24, 1992.

At appellant's personal request, *see United States v. Grostefon,* 12 MJ 431 (CMA 1982), this Court specified the following issue of law for further review:

WHETHER THE GOVERNMENT MET ITS BURDEN OF PROOF FOR CONVICTION OF DESERTION.

Now, having fully considered the record in light of the arguments of the parties, we affirm.

By exceptions and substitutions in the specification, the military judge convicted appellant of having "quit his unit, about to deploy ... to Saudi Arabia, then a combat zone," at 0845 hours, January 18, 1991, "with intent to shirk important service, namely: participation in Operation Desert Storm ... and did remain so absent in desertion until 1200 hours" that same day. *See* Art. 85(a)(2). To sustain this conviction in the face of appellant's broadside challenge, we must be convinced that, "after viewing the evidence in the light most favorable to the prosecution, any rational tri-

er of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

■ In this case, the statute that appellant was charged with violating reflects two essential elements, tailored to the specifics of this case: that appellant was absent from his unit without authority from 8:45 a.m. until noon on January 18, 1991, *see generally United States v. Bondar,* 2 USCMA 357, 359–60, 8 CMR 157, 159–60 (1953) ("It is our conclusion that the word 'quits' is used in Article 85 as a word of art legally synonymous with 'goes absent without authority.' "); and secondly, that he did so with intent to shirk important service. The latter element of intent, in turn, requires that the service intended to be shirked was "important service," *see United States v. Willingham,* 2 USCMA 590, 10 CMR 88 (1953); *United States v. Shull,* 1 USCMA 177, 2 CMR 83 (1952), and that appellant had actual knowledge that he would be required for that important service, *see United States v. Stabler,* 4 USCMA 125, 15 CMR 125 (1954). All of these are questions of fact.

■ Here, there was evidence that appellant, realizing for several weeks that he and his unit were marked as replacement troops in the United States' Operation Desert Storm, repeatedly made statements indicating that he did not want to be a part of such a mission and that he thought the whole effort was a misguided war over oil. Three military superiors of appellant testified that they had informed appellant, as well as other members of his unit, about the danger and the importance of their military duty regarding this mission.

The prosecution's evidence indicated that, on January 16, 1991, First Lieutenant Davenport, appellant's platoon leader, told appellant and others that their unit should "be prepared to deploy to Saudi Arabia no later than midnight" of January 17. On January 17, Davenport told the unit to continue to work, to pack their bags, and to make sure that everything was prepared for deployment the next day to Saudi Arabia and Operation Desert Storm.

At the formation at 6:30 a.m. on January 18, 1991, First Sergeant Ortiz told the unit that the last thing to be done before deploying was to weigh everyone's bags. After Ortiz had released the platoons, appellant's platoon sergeant, Sergeant First Class Anderson, ordered appellant and the rest of the platoon to return at 8:45 a.m. that same morning to weigh their bags for deployment. At that scheduled weigh-in, appellant's packed bag was present—but appellant was not. The evidence indicated that no one in appellant's immediate chain of command had given appellant permission not to be present, as he had been ordered to be.

We acknowledge, as appellant has urged, that this case was not especially well prosecuted and that other evidence tended in some ways to mitigate the evidence summarized above. We acknowledge, as well, that the time period of which appellant was convicted of being absent was unusually short for a charge of desertion. *See United States v. Cothern,* 8 USCMA 158, 23 CMR 382 (1957); *United States v. McCrary,* 1 USCMA 1, 1 CMR 1 (1951).

Nevertheless, it is not the *duration* of appellant's absence that is telling, but its *timing.* "It is well established in military law that absence without leave with knowledge of immediate overseas movement is sufficient [evidence] from which a court may find desertion predicated on the intent to shirk important service." *United States v. Hemp,* 1 USCMA 280, 287, 3 CMR 14, 21 (1952). Under the particular facts of a given case, the imminence of the overseas duty may be the decisive factor in a desertion case. *Compare United States v. McCrary, supra, with United States v. Logas,* 2 USCMA 489, 9 CMR 119 (1953).

Considering the evidence in a light most favorable to the Government, as we must do, the evidence summarized above is a sufficient basis upon which rational factfinders could find all of the elements of the charged crime beyond a reasonable doubt.

*See Jackson v. Virginia, supra.* Accordingly, appellant's challenge in this Court to the legal sufficiency of the evidence of his guilt fails.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and GIERKE concur.