[No. 12364-2-III.   Division Three.   June 2, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. STEVEN DOUGLAS MCBRIDE, *Appellant*.

*Maryann C. Moreno,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *John F. Driscoll, Deputy,* for respondent.

MUNSON, J. — Steven Douglas McBride was found guilty of delivery of a controlled substance, marijuana. He appeals, contending (1) there was insufficient evidence to support the verdict, (2) the court erred in admitting unduly prejudicial evidence, and (3) that RCW 10.66 is unconstitutional. We affirm the conviction and sentence but remand for reconsideration of the "protected against drug trafficking" (PADT) area and possible exceptions. RCW 10.66.010(5).

On October 15, 1991, Officer Ronald Vanos of the Spokane Police Department was working in downtown Spokane near an area known for its high volume of hand-to-hand drug transactions. Officer Vanos' attention was drawn to Mr. McBride and his brother, Kenneth McBride, because they made three short-term contacts with individuals which appeared to be drug transactions. The McBrides seemed to be working together; after one of these contacts, he witnessed an exchange between them of what he thought was money.

Officer Vanos then observed a man, later identified as Stuart Rigler, contact Mr. McBride. After a short conversation they went to a nearby McDonald's restaurant. The officer followed, but did not enter the restaurant. About 5 minutes after Mr. Rigler entered the restaurant, he left. The officer followed Mr. Rigler back to his van and observed him light a pipe of what appeared to be marijuana. Mr. Rigler drove off, and Officer Vanos requested other officers to stop him. When stopped, Mr. Rigler was found to have what was later determined to be marijuana.

Mr. Rigler cooperated with the police and identified Mr. McBride from a photographic lineup. At Mr. McBride's trial, Mr. Rigler testified Mr. McBride had set up the deal, but he

had actually purchased the marijuana from Kenneth. Mr. Rigler also stated he was testifying in exchange for the dismissal of the charges against him. He testified he was a bonded plumber, and if convicted he could lose his bond.

A jury found Mr. McBride guilty of delivery of a controlled substance. He was sentenced to 29 months' confinement followed by 1 year of community placement. One condition of community placement was that Mr. McBride comply with an off-limits order under RCW 10.66 preventing him from entering a designated area in downtown Spokane.

Mr. McBride argues there was insufficient evidence to support the jury verdict. In reviewing claims of insufficiency of the evidence, the standard of review is whether any rational trier of fact, viewing the evidence in a light most favorable to the State, could have found the elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 316, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); *State v. Green*, 94 Wn.2d 216, 616 P.2d 628 (1980).

In essence, Mr. McBride argues that Mr. Rigler was not a credible witness and that Mr. McBride presented an alternative explanation for the State's evidence. Both present questions of witness credibility. Credibility determinations are for the finder of fact and cannot be reviewed on appeal. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

Mr. McBride contends Officer Vanos' testimony regarding Mr. McBride's behavior before meeting Mr. Rigler should have been excluded. Officer Vanos testified he witnessed Mr. McBride make what appeared to be three drug sales. In one instance, he observed Mr. McBride enter an automobile, talk briefly with a person in the automobile, come back to the street, and hand what looked like money to his brother, Kenneth.

Admission or refusal of evidence is discretionary with the trial court and will not be reversed on appeal absent a manifest abuse of discretion. *State v. Laureano*, 101 Wn.2d 745, 764, 682 P.2d 889 (1984). The evidence must be logically relevant, meaning of consequence to the action's outcome

and tending to make the existence of the identified fact more or less probable. *State v. Saltarelli*, 98 Wn.2d 358, 362, 655 P.2d 697 (1982). Its probative value must also outweigh its prejudicial effect under ER 404.

Officer Vanos' testimony was relevant; he witnessed what appeared to be three drug deals just prior to the sale to Mr. Rigler. The evidence tended to show Mr. McBride and his brother were working together. Finally, it was important for the jury to see the whole sequence of events; it explained what attracted Officer Vanos' attention to Mr. McBride. The trial court balanced the prejudicial effect against the probative value of the evidence and determined the evidence was not unduly prejudicial. There was no abuse of discretion.

Mr. McBride argues RCW 10.66 is unconstitutional on four grounds. RCW 10.66 authorizes "off-limits" orders prohibiting drug traffickers from frequenting areas known for high levels of drug activity.

First, Mr. McBride contends RCW 10.66 is unconstitutionally overbroad. Overbreadth is a question of substantive due process — whether the statute is so broad that it prohibits constitutionally protected activities as well as unprotected behavior. *Everett v. Moore*, 37 Wn. App. 862, 683 P.2d 617 (1984).

This court's first task in overbreadth analysis is to determine if a statute reaches constitutionally protected conduct. *Tacoma v. Luvene*, 118 Wn.2d 826, 839, 827 P.2d 1374 (1992). Statutes which regulate behavior and not purely speech will not be overturned unless the overbreadth is both real and substantial in relationship to the conduct legitimately regulated by the statute. *Everett v. Heim*, 71 Wn. App. 392, 396, 859 P.2d 55 (1993), *review denied*, 123 Wn.2d 1018 (1994). A statute or ordinance will be overturned only if the court is " 'unable to place a sufficiently limited construction upon the standardless sweep of [the] legislation.' " *Seattle v. Webster*, 115 Wn.2d 635, 641, 802 P.2d 1333, 7 A.L.R.5th 1100 (1990) (quoting *Bellevue v. Miller*, 85 Wn.2d 539, 547, 536 P.2d 603 (1975)), *cert. denied*, 500 U.S. 908 (1991).

Here, RCW 10.66 does not reach constitutionally protected speech or expressive conduct. However, both the right to move about freely and the right to travel are protected by our constitution.[1] If the statute includes within its prohibitions substantial protected conduct, it is immaterial which of those rights might be involved.

■ RCW 10.66 does not prohibit a substantial amount of constitutionally protected conduct. First, only a very limited segment of society could even be subject to an off-limits order. The statute only applies to "known drug traffickers". The term is defined in RCW 10.66.010(3): to be a "known drug trafficker", a person must have previously been convicted of a drug offense and subsequently been arrested for another drug offense in Washington.

Second, the area from which a person may be banned by an off-limits order is extremely limited. An order may only be entered for "protected against drug trafficking" areas, or PADT areas. A PADT area is defined as an area "where drug sales, possession of drugs, pedestrian or vehicular traffic attendant to drug activity, or other activity associated with drug offenses confirms a pattern associated with drug trafficking." RCW 10.66.010(5). In addition, a court may only issue an off-limits order for those PADT areas where that particular drug trafficker has engaged in drug trafficking. RCW 10.66.040.

The statute cannot limit the constitutionally protected activities of those persons who are not known drug traffickers; further, the constitutionally protected activities of known drug traffickers may be restricted only to a limited extent. RCW 10.66 does not prohibit substantial constitutionally protected conduct; it is not constitutionally overbroad.

---

[1]Our Supreme Court noted in *Luvene*: "[T]he right to walk, stroll, or wander aimlessly is a liberty 'within the sensitive First Amendment area' that is protected by the Fourteenth Amendment." *Luvene*, at 840 n.5 (citing *Papachristou v. Jacksonville*, 405 U.S. 156, 164-65, 31 L. Ed. 2d 110, 92 S. Ct. 839 (1972)). The constitutionally protected right to travel applies not only to interstate travel, but to intrastate travel as well. *Eggert v. Seattle*, 81 Wn.2d 840, 845, 505 P.2d 801 (1973).

Mr. McBride contends the restrictions imposed by the off-limits order are not rationally related to his crime.

We disagree; the restrictions are rationally related to the crime. The purpose of the statute is to keep known drug traffickers from frequenting areas known for continuous drug activity. Officer Vanos testified the area included in the off-limits order was known for drug trafficking. It is rational to attempt to reduce drug trafficking by banning known sellers from the marketplace. Prohibiting Mr. McBride from returning to the area where his crime was committed is also rationally related to the crime.

Mr. McBride argues RCW 10.66 creates an irrebuttable presumption which violates the due process clause.[2] Statutes creating presumptions which are arbitrary or which deny a fair opportunity to repel them violate the due process clause. *Manley v. Georgia*, 279 U.S. 1, 73 L. Ed. 575, 49 S. Ct. 215 (1929). Mr. McBride argues the statute creates an irrebuttable presumption that a person who once delivered drugs will deliver drugs again after being released from incarceration. While such a presumption may well violate the due process clause, RCW 10.66 does not create such a presumption. Even if a person violates an off-limit order, he or she cannot be convicted of delivery of a controlled substance on that basis. A violation of the order can result only in a conviction for violating the order or contempt of court, nothing more. RCW 10.66.090; RCW 10.66.100.

Mr. McBride contends RCW 10.66, as applied to him, unconstitutionally limits his freedom of travel.

■ Persons convicted of felonies may be deprived of some of their constitutionally guaranteed liberties. For example, incarceration necessarily deprives them of the right to travel. *See, e.g., Dunn v. Blumstein*, 405 U.S. 330, 31 L. Ed. 2d 274, 92 S. Ct. 995 (1972). Here, the off-limits order against Mr. McBride does not go into effect until he is released from incarceration; it was imposed as a condition of his 1-year

---

[2]The fourteenth amendment to the United States Constitution provides in part, "nor shall any state deprive any person of life, liberty, or property, without due process of law".

community placement. Reasonable restrictions on travel during community supervision do not violate a person's constitutional right to travel. *See Berrigan v. Sigler*, 499 F.2d 514, 520-22 (D.C. Cir. 1974) (travel restrictions under the federal parol statute do not offend the constitutional right to travel). The off-limits order does not unconstitutionally deprive Mr. McBride of his right to travel. However, RCW 10.66.050 could resolve some of Mr. McBride's concern. The trial court should revisit its order as to its breadth and consider possible exceptions as provided in RCW 10.66.050.

Affirmed in part, reversed in part.

THOMPSON, C.J., and SCHULTHEIS, J., concur.