[No. 33120-5-I. Division One. February 12, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT G. GREGORY, JR., *Appellant*.

---

*Tom P. Conom,* for appellant.

*James H. Krider, Prosecuting Attorney,* and *Seth A. Fine, Deputy,* for respondent.

GROSSE, J. — During the course of a hearing on the admissibility of child hearsay, prior to his trial for two counts of rape of his daughter K, Robert G. Gregory sought to admit the results of a polygraph and other tests that tended to exonerate him.

In seeking admission of the results his counsel all but conceded they were inadmissible at trial on the issue of guilt or innocence. The trial court refused to consider the test results in the course of the decision to admit the daughter's hearsay statements to others, finding them irrelevant on the issue of reliability of the statements. Defense counsel did not attempt to have the test results admitted for any other purpose.

On appeal, Gregory contends there was insufficient evidence to support the verdict. In addition Gregory assigns error both to the refusal to consider the test results as relevant to the reliability determination required by the child hearsay statute,[1] and to the court's refusal to admit them on the issue of guilt or innocence. We find there was sufficient evidence presented to support the convictions. Further, because Gregory did not ask the trial court to admit the test results during the course of the trial, we cannot consider that assignment of error on appeal.[2] And, because the trial court was correct in determining the test results irrelevant to the requisite inquiry under the child hearsay statute, we affirm.

---

[1]RCW 9A.44.120 lists conditions pertaining to the admissibility of a child's statement. A hearing was held pursuant to the statute which states in part:

A statement made by a child when under the age of ten describing any act of sexual contact performed with or on the child by another . . . is admissible in evidence . . . in . . . criminal proceedings . . . if:

(1) The court finds, in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide sufficient indicia of reliability[.]

[2]See State v. Valladares, 99 Wn.2d 663, 672, 664 P.2d 508 (1983) (issue of constitutional magnitude may not be raised for the first time on appeal when it was not considered below because of an express and affirmative waiver). Here counsel agreed the polygraph results were not admissible at trial, and that any change of heart or attempt to change the court's mind concerning admissibility would be brought to the court's attention outside the presence of the jury.

■ In his pro se brief, Gregory alleges there was insufficient evidence to support the jury's finding of guilt as to either count. The standard of review on a challenge to the sufficiency of the evidence is "whether, after viewing the evidence most favorably to the State, any rational trier of fact could have found the essential elements of [the crimes charged] beyond a reasonable doubt."[3] This was eloquently set forth by the U.S. Supreme Court in *Jackson v. Virginia* where the court stated:

> [The] inquiry does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rationale trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution.

(Citations omitted. Footnote omitted.) *Jackson v. Virginia*, 443 U.S. at 318-19. A claim of insufficiency admits the truth of the State's evidence and the reasonable inferences that can be drawn therefrom.[4]

■ In this case, the victim testified the defendant hurt her pee-pee with a knife. She demonstrated this by inserting a plastic knife into the vagina of an anatomically correct doll. The victim also described how Gregory urinated on her vagina, anus, and in her mouth. Taken in the light most favorable to the State, this evidence alone establishes

---

[3]*State v. Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)); *State v. Denison*, 78 Wn. App. 566, 570, 897 P.2d 437, *review denied*, 128 Wn.2d 1006 (1995).

[4]*State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

Gregory's guilt. The defendant's credibility and the plausibility of the evidence is a jury determination. Those determinations are for the trier of fact and cannot be reversed on appeal.[5]

Even if this court could reweigh the evidence, there is no basis to disturb the jury's determination. Contrary to Gregory's claim, there is undisputed medical testimony that the victim suffered a penetrating injury to her vagina. Although the treating physician could not corroborate abuse through an external physical examination, he recommended a colposcopic examination which concluded there was evidence of abuse.

The initial disclosure came in response to questions asked by the victim's mother which actually suggested that no one had touched the victim's vaginal area. In response, however, the victim answered that Gregory put a knife in it. Using age appropriate language, the victim also gave a description of Gregory urinating on her. Although it is true the victim has at times said that other people abused her, Gregory is the only person the victim has consistently accused of the criminal acts. The victim also has no apparent motive for accusing Gregory falsely. Even after the accusations, the victim stated she missed Gregory and wanted to see him.

On the basis of the victim's testimony as corroborated by all of the evidence that followed, a rational fact finder could conclude beyond a reasonable doubt that Gregory perpetrated the acts with which he was charged. This court will not infringe on the role of the jury.

Gregory also claims the trial court erred in refusing to consider the polygraph, and other test results, as being relevant to the reliability determination required by the child hearsay statute and to the trial court's refusal to admit them on the issue of Gregory's guilt or innocence as well.

---

[5]*State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990); *State v. McBride*, 74 Wn. App. 460, 463, 873 P.2d 589 (1994).

 Specifically, the scope of the inquiry required under the child hearsay statute is restricted to issues pertaining to reliability rather than credibility. The focus is on the time, content, and circumstances of the statements, not on their weight and substance in the subsequent search for truth. The proffered evidence is not relevant to the issue of reliability as it pertains to this exception to the rule excluding hearsay testimony. There is nothing in the evidence offered by Gregory that informs as to the factors set forth in *State v. Ryan*, 103 Wn.2d 165, 175-76, 691 P.2d 197 (1984). More recently, these factors were set out in *State v. Swan*, 114 Wn.2d 613, 790 P.2d 610 (1990), *cert. denied*, 498 U.S. 1046 (1991), where the Supreme Court listed nine factors to be applied in determining whether a child's out-of-court statements are reliable.

> The first five, derived from *State v. Parris*, 98 Wn.2d 140, 146, 654 P.2d 77 (1982), include " '(1) whether there is an apparent motive to lie; (2) the general character of the declarant; (3) whether more than one person heard the statements; (4) whether the statements were made spontaneously; and (5) the timing of the declaration and the relationship between the declarant and the witness.' " [*State v. Ryan*, 103 Wn.2d at 175-76 (quoting *State v. Parris*, 98 Wn.2d at 146).] The next four factors to be considered, derived from *Dutton v. Evans*, 400 U.S. 74, 88-89, 27 L. Ed. 2d 213, 91 S. Ct. 210 (1970), are (1) the statement contains no express assertions about past fact; (2) cross examination could not show the declarant's lack of knowledge; (3) the possibility of the declarant's faulty recollection is remote; and (4) the circumstances surrounding the statement are such that there is no reason to suppose the declarant misrepresented defendant's involvement. [*State v. Ryan*, 103 Wn.2d at 176.]

(Footnotes omitted.) *Swan*, 114 Wn.2d at 647-48. A review of the record indicates the trial court's exclusion of this evidence as irrelevant is correct.

 It is tempting to accept Gregory's invitation to enter the fray surrounding polygraph tests, given their apparent

increased use in the criminal justice system. But, we are not in a position to question the edict of the Supreme Court in *State v. Woo*, 84 Wn.2d 472, 527 P.2d 271 (1974), proscribing their use as evidence in the courts of this state absent a written stipulation by both parties.

The issue of whether the *Frye* test[6] should be adhered to in criminal cases in this state is likewise proscribed by last year's decision in *State v. Riker*, 123 Wn.2d 351, 360 n.1, 869 P.2d 43 (1994). It should be apparent that these issues will need to be properly preserved in the trial courts and then presented to our Supreme Court if change is necessary or desirable.

We determine there was sufficient evidence to support the convictions as charged, and hold that the trial court was correct in refusing Gregory's exculpatory evidence as irrelevant to the child hearsay inquiry, and also hold that he failed to preserve for review the issue of his right to offer this evidence at trial.

The decision of the trial court is affirmed.

WEBSTER and BECKER, JJ., concur.

Reconsideration denied February 12, 1996.

Review denied at 129 Wn.2d 1009 (1996).

---

[6]*Frye v. United States*, 293 F. 1013, 34 A.L.R. 145 (D.C. Cir. 1923).