[No. 21196-3-II. Division Two. August 14, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. DANIEL JAMES MILLER, *Appellant*.

*Robert M. Quillian* and *Thomas E. Doyle*, for appellant (appointed counsel for appeal).

*Jeremy L. Randolph, Prosecuting Attorney*, and *J. Andrew Toynbee, Deputy*, for respondent.

HOUGHTON, C.J. — Daniel James Miller was charged with two counts of burglary in the second degree. Count I alleged that Miller "did enter or remain unlawfully in a building . . . located at 509 N. Rock, Centralia, to wit: an apartment building." Count II alleged entry into the same address but stated, "to wit: a storage unit." Miller appeals, arguing that the trial court erred in ruling that the storage unit was a "building" as defined by RCW 9A.04.110(5) and in denying his motion to dismiss Count II. We hold that the storage locker he entered was a "building" and therefore, affirm.

## FACTS

Martin Fryer, the resident manager of the apartment complex located at 509 N. Rock Street, testified that on June 6, 1996, he noticed an unfamiliar black station wagon parked in the alleyway next to the apartment complex. Fryer was suspicious because another tenant, who had reported his laundry stolen the day before, also had seen an unfamiliar black station wagon parked in the back alleyway.

Fryer walked down to the laundry room where a work-

shop, a boiler room and storage areas are located. The storage areas are door-fronted and padlocked units used by different tenants. Fryer heard a noise coming from the workshop/paint room. He saw that the padlock on the workshop door was missing. This room contained tools belonging to the property owners and was not accessible to others. Fryer called out and saw a male, later identified as Miller, walk out of the paint room. Miller was not a tenant of the building and did not offer Fryer any legitimate reason for his presence on the premises. Fryer escorted Miller out of the building, where Miller entered the black station wagon and drove off.

Fryer telephoned 911 dispatch, reported the incident, and identified the black station wagon's license plate number. Officer Patrick Beall contacted Fryer at the apartment complex. Another officer found the station wagon in front of a convenience store. Beall drove Fryer to that location, where he identified the vehicle and Miller.

Officer Beall retrieved a master lock that was inside Miller's jacket. Fryer was able to open the lock with one of his manager's keys. Officer Beall also noticed luggage inside the black station wagon with a name tag of Monica Milliman, who was a tenant at 509 N. Rock Street. Beall and Fryer drove back to the apartment complex. They noticed that Milliman's storage area padlock had been pried open. They also found a bolt cutter in the storage area. Milliman testified that she did not give Miller permission to enter her storage locker. She also stated that she had put a padlock on her storage locker door to keep others out.

Miller moved for dismissal of Count II claiming lack of sufficient evidence. The trial court denied the motion and a jury convicted Miller of both counts. Miller appeals.

## ANALYSIS

Miller contends that there was insufficient evidence to support the jury's conviction on Count II. He asserts that a secured unit, belonging to a resident and located inside the

common area of an apartment complex, cannot be considered a separate building, apart from the common area of the complex.

■ A claim of insufficiency of the evidence admits the truth of the State's evidence and all reasonable inferences that could be drawn from it. *State v. Gregory*, 80 Wn. App. 516, 519, 910 P.2d 505, *review denied*, 129 Wn.2d 1009 (1996). Evidence is sufficient if after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crimes charged beyond a reasonable doubt. *State v. Chapin*, 118 Wn.2d 681, 691, 826 P.2d 194 (1992).

Under RCW 9A.52.030, a person is guilty of burglary in the second degree if: ". . . with intent to commit a crime against a person or property therein, he [or she] enters or remains unlawfully in a building other than a vehicle or a dwelling."

> "Building", in addition to its ordinary meaning, includes any dwelling, fenced area, vehicle, railway car, cargo container, or any other structure used for lodging of persons or for carrying on business therein, or for the use, sale or deposit of goods; each unit of a building consisting of two or more units separately secured or occupied is a separate building[.]

RCW 9A.04.110(5).

■■ In *State v. Thomson*, 71 Wn. App. 634, 861 P.2d 492 (1993), we held that when the Legislature enacted the portion of the statute following the semicolon, it intended to define "building" to include each unit of a multi-unit building where each unit is occupied by a different individual. *Id.* at 644. As a result, different rooms within a single family house are not "separate building[s]" because the residents of the house have a privacy interest in the entire house, not in each bedroom. *Id.* at 645. But in a multi-unit building, each tenant has a privacy interest in his or her own unit. *Id.*

In *State v. Deitchler*, 75 Wn. App. 134, 136, 876 P.2d 970

(1994), *review denied*, 125 Wn.2d 1015 (1995), we held that a 10 in. x 10 in. x 2 ft. police evidence locker was not a building separate from the police station where it was located. We reasoned that because the police department was the only tenant with a privacy interest in both the station and the secured evidence locker, there was no separate building. *Id.* at 137. In *Deitchler*, we further noted that case law from within and without this jurisdiction concludes that charge of burglary is ordinarily supported if the premises entered into are large enough to accommodate a human being. *Id.* at 138 nn.5, 6. Accordingly, citing *Deitchler*, Division III of this court recently held that breaking into coin boxes on car wash stalls supported conviction for theft, but not for burglary. *State v. Miller*, 90 Wn. App. 720, 730, 954 P.2d 925 (1998).

Here, the testimony and photographs admitted at trial indicate that the storage locker Miller broke into was large enough to accommodate a human being, that is, to allow entry or occupation. Moreover, the padlocked, door-accessed unit was secured from other tenants, the manager or building owners of the apartment complex, indicating a separate privacy interest. Viewing this evidence in the light most favorable to the State, there was sufficient evidence for the jury to convict Miller of Count II.

Affirmed.

Morgan and Armstrong, JJ., concur.

Review denied at 137 Wn.2d 1012 (1999).