UNITED STATES, Appellee

v

CECIL E. HYATT, Private E-1,
U. S. Army, Appellant

8 USCMA 67, 23 CMR 291

*First Lieutenant Gerald G. Barton* argued the cause for Appellant, Accused. With him on the brief was *Major Edward Fenig*.

*First Lieutenant Peter J. Hughes* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Thomas J. Newton, First Lieutenant Chester F. Relyea,* and *First Lieutenant Robert L. Taylor*.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

A general court-martial convicted the accused of desertion with the intent to shirk important service, in violation of Article 85, Uniform Code of Military Justice, 10 USC § 885, and sentenced him to a dishonorable discharge, total forfeitures, and confinement at hard labor for three years. Intermediate appellate authorities affirmed. We granted review to consider the correctness of the law officer's instruction that "as a matter of law, duty beyond the continental limits of the United States is important service."

The Manual for Courts-Martial, United States, 1951, points out that important service *"may* include such service as . . . beyond the continental limits of the United States." Paragraph 164a (2). (Emphasis supplied.) The Manual's statement suggests, and, in fact, we have held, that all service overseas is not important service; there must be "something more than the ordinary everyday service of every member of the armed forces stationed overseas." United States v Boone, 1 USCMA 381, 384, 3 CMR 115. Whether the "something more" is present depends entirely upon the circumstances of the particular case. United States v Boone, supra. Fundamentally, there-

fore, the question is one of fact to be decided by the court-martial, not by the law officer. Thus, in United States v Hemp, 1 USCMA 280, 3 CMR 14, for example, we held that assignment of the accused to an overseas post merely "brings into prominence" a circumstance from which *"a court may find"* an intent to shirk important service. (Emphasis supplied.) See also United States v Stabler, 4 USCMA 125, 15 CMR 125. It was, therefore, prejudicial error for the law officer to take the question of important service from the court-martial and decide it as a matter of law.

Our holding, of course, does not preclude the law officer from ruling on a motion for a finding of not guilty of the intent alleged on the ground that important service has not been established as a matter of law. Article 51, Uniform Code of Military Justice, 10 USC § 851; Manual for Courts-Martial, supra, paragraph 71a. Nor does it preclude the accused from asserting on appeal that the evidence does not support the court-martial's finding of important service. United States v Shull, 1 USCMA 177, 2 CMR 83; United States v Peterson, 1 USCMA 317, 3 CMR 51.

The decision of the board of review is reversed. The record of trial is re-

turned to The Judge Advocate General of the Army for resubmission to a board of review. In its discretion the board of review can affirm findings of guilty of the lesser offense of an unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886, and reassess the sentence on the basis of its findings, or it can order a rehearing of the charge.

Judge FERGUSON concurs.

LATIMER, Judge (concurring in the result):

I concur in the result.

As announced in the opinion of the Court, my colleagues conclude that what constitutes important service is a question of fact to be determined by the members of the court-martial. However expedient that decision may be under the circumstances of the instant case, I believe it announces an incorrect principle of law and one that is at variance with our previous pronouncements in this field. Certainly we are not trespassing in virgin territory, for on many occasions and in various circumstances, we have been called upon to grapple with variations of the question. However, our previous efforts are given little weight as the critical cases are unmentioned in the Court's opinion. Regardless of the omission, I will not belabor the point by quoting from all those shedding some light on the issue as statements from three will suffice to support my view. In United States v Shull, 1 USCMA 177, 2 CMR 83, Judge Brosman, in speaking for himself and the Chief Judge, stated:

"Approaching the case at bar, it should be observed that others who have dealt with its problem have sought elaborately and at length to delimit important from what may be characterized as ordinary service, and our attention has been directed to a number of cases and other authorities concerned principally with whether this or that variety of duty is to be regarded as 'important' within the meaning of the Articles of War. This, we think, is quite beside the mark.

We are not concerned here with whether artillery practice in Hawaii, field exercises in Oklahoma, transfer to a replacement pool or even movement to a staging area constitute important service. The specification here before us treats of a particular sort of service, and one which under any permissible interpretation of the term is important. Certainly—and this is amply supported by the military cases—foreign service during time of war or under emergency conditions and in or near a combat area is important service, and this is precisely what our specification alleges the accused intended to shirk."

In United States v Vick, 3 USCMA 288, 12 CMR 44, all Judges joined outrightly in an opinion which seems to me to have fixed the determination as one of law. In that case it was said:

"It is settled beyond doubt that shipment to the Far East Command is 'important service' within the purview of Article 85(a)(2) of the Code, supra. United States v. Taylor, 2 USCMA 389, 9 CMR 19, decided April 15, 1953; United States v. Hemp, 1 USCMA 280, 3 CMR 14, decided April 8, 1952; United States v. Shull, 1 USCMA 177, 2 CMR 83, decided February 18, 1952."

Finally, I refer to United States v Deller, 3 USCMA 409, 12 CMR 165. In that instance, we were faced with a situation where the accused was charged with aggravated absence without leave based on an absence with intent to avoid basic training. The offense was originally alleged under Article 134, and the issue of whether basic training was important service was never submitted to the court-martial. We had no hesitancy in affirming a conviction of desertion under Article 85(a)(2) founded on an absence without leave with intent to shirk important service. Implicit in that holding is a concept that important service is a question of law. Otherwise we could not have decided it as an original proposition. Furthermore, the principle is explicit in our language, for this is the language that spells out that concept:

"In essence, the offense of desertion with intent to shirk important service consists of only two elements: (1) an absence without leave of a specified duration, (2) characterized by a purpose to avoid, through absence, service which, as a matter of law, may properly be regarded as 'important.' Manual for Courts-Martial, United States, 1951, paragraph 164a. See United States v. Bondar, 2 USCMA 357, 8 CMR 157, decided March 26, 1953; United States v. Apple, 2 USCMA 592, 10 CMR 90, decided June 1, 1953. Manifestly the trial court here found (1) that the accused had absented himself without leave as alleged, and (2) that his purpose or object in doing so was permanently to prevent 'completion of his basic training and useful service as a soldier.' We are in no way disposed to question the sufficiency of the evidence to support these findings of fact. On the basis of them, therefore, there can be no doubt that the quitting—that is the unauthorized absence—aspect of the offense under consideration has been satisfied. Neither can there be doubt at this level that the aim of the accused in thus absenting himself was to avoid the completion of basic training. Consequently, the only remaining question is one of law, and has to do with whether participation in the procedures of basic training constitutes an instance of 'important service.' "

The reason I join with my associates in a reversal requires but a short explanation. In United States v Boone, 1 USCMA 381, 3 CMR 115, we stated:

"Undoubtedly, service beyond the continental limits of the United States may, under certain circumstances, be considered 'important service,' but we believe that phrase as used in the Article of War and as explained in the Manual denotes something more than the ordinary everyday service of every member of the armed forces stationed overseas. If it does not, then absence without leave and desertion outside the continental limits of the United States would be synonymous. The line of demarcation may be indistinct and difficult in some cases, but for the purposes of this case we need not mark the exact line."

From that, it necessarily follows that all service beyond the continental limits of the United States during the same period is not important within the meaning of the word as used in Article 85 of the Code. Therefore, when the law officer gave his instructions, he misstated the law. Even though the question be one of law to be decided by him —as I contend—there must be evidence to support his conclusion. I do not find any in this record and, therefore, his direction to the court-martial was error and in this setting prejudicial.