UNITED STATES, Appellee

v

SAMUEL G. THOMPSON, Private, E–2,
U. S. Army, Appellant

10 USCMA 45, 27 CMR 119

First Lieutenant James G. Garner argued the cause for Appellant, Accused. With him on the brief were Jim D. Bowmer, Esquire and Major Edward Fenig.

Major Thomas J. Nichols argued the cause for Appellee, United States. With him on the brief were First Lieutenant George J. Miller and First Lieutenant Thomas M. Lofton.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused was convicted by a general court-martial of larceny of clothing from a fellow soldier at Fort Hood, Texas, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. The question before us is the correctness of the law officer's instruction on the value of an Army green uniform. The issue is important because of the effect of value on the sentence. Manual for Courts-Martial, United States, 1951, paragraph 127c, section A, Table of Maximum Punishments.

Among the articles of clothing stolen from the wall locker of Private H. L. Johnson was an Army green uniform. The uniform had been issued to Private Johnson about six weeks before the theft. It had never been worn, but the trousers "had been taken up" at the "Quartermaster when . . . issued" and were "marked on the waist band" with the last four digits of Johnson's service number. The jacket was similarly marked. At trial counsel's request, and over defense counsel's objection, the court-martial took judicial notice of two current Department of the Army supply manuals which indicate that the value of the uniform was $36.15. The basis of the defense's objection was that the manuals did not take into account the evidence as to the alteration and the markings on the uniform. In overruling the objection, the law officer "admonished" the court members that "the matter covered by the objections of the defense" would be considered in the final instructions to them.

To contest the values established by the prosecution, the defense called a witness who operated wholesale and retail clothing establishments in the vicinity of Fort Hood. The witness classified the uniform as "used" because it had been altered and marked. He estimated the retail value as $20.00, "taking into consideration" that it probably would have to be altered "a little." The matter was considered by both trial and defense counsel in their final arguments. Trial counsel reviewed the testimony. He referred to the list price in the supply manuals and stressed the fact the victim had never worn the uniform and he "had only marked his serial number" in it. He argued there was "very little dispute" as to the value of the other articles of clothing; consequently, he said, "if you find beyond a reasonable doubt that the value of the Army green uniform is $36.15, . . . [that] will bring the value of all the property taken to a value in excess of $50.00." On behalf of the accused, civilian defense counsel challenged the list price value for the uniform because of the alteration and the markings.

Two parts of the law officer's instructions to the court were concerned with the subject of value. First, in enumer-

ating the elements of the offense, he advised the court-martial it must find beyond a reasonable doubt that the property described was of the "value alleged or of some lesser value, in which case the finding should be in the lesser amount." Later, he instructed the court-martial as follows:

"Now, in connection with the value of the property allegedly stolen, it is to be determined by the legitimate market value at the time and place of the alleged theft. Market value may be established by testimony or by other legally competent admissible evidence emanating from any person who is familiar through training or experience with the market value in question, or by the testimony of a person who has ascertained the price of a similar article by adequate inquiry in the market involved. *In this connection the court is advised that items of Government issue are deemed to have values equivalent to the prices as listed therefor in official publications, provided they are in a new or a substantially new condition.* Should the court find that such items are in a condition requiring depreciation because of age or use, the court may find any value that it may determine lesser than the value listed in the official publication.

"You are advised that if you have a reasonable doubt that the property was of the value alleged, but you are satisfied by legal and competent evidence beyond a reasonable doubt that the property was of a lesser value, you may, nevertheless, reach a finding of guilty; but in this event it will be necessary for you to modify the specification by exceptions and substitutions so that it will reflect a finding as to which you have no reasonable doubt. Thus, you may except the amount alleged and substitute therefor any lesser specific amount as to which you have no reasonable doubt; or you may except the amount alleged and substitute therefor one of the following phrases: $50.00 or less, and more than $20.00, or of some value not in excess of $20.00. If you are satisfied as to the substituted amount beyond a

reasonable doubt in the event you should arrive at a finding of guilty by exceptions and substitutions, you should, after finally voting on your findings, ask me to come in to your closed session to assist you in putting your findings in proper form." [Emphasis supplied.]

Appellate defense counsel contend the underscored part of the quoted instruction amounts to a direction to the court-martial to disregard the testimony of the defense witness and "to fix the value of the uniform at the amount found in the government price lists." The crux of the contention is the word "deemed."

Apparently, the challenged instruction is based upon a discussion of value in the Manual for Courts-Martial, United States, 1951, paragraph 200a, page 361. In an appropriate case, a Government price list is indeed competent evidence of market value; in fact, in some instances, it may be "the best method" of proving market value of Government issued property. United States v Steward, 6 USCMA 531, 20 CMR 247. But, the list is not conclusive of the issue. Value is an essential element of pleading and proof in the offense of larceny. United States v Steward, supra. It is a matter which must be determined by the court-martial. The value of an article of Government property set out in an official supply manual or a price list is merely an administrative determination of value. Under the rules of evidence in the military courts, the official publication is entitled to consideration, but it is not binding upon the court-martial. Manual for Courts-Martial, supra, paragraph 147a, page 274; United States v Covert, 6 USCMA 48, 19 CMR 174.

Many matters may be considered by the court-martial in determining value. For example, in United States v Leal, 7 USCMA 15, 21 CMR 141, there was the question of whether electron tubes stolen by the accused were, in fact, in usable condition at the time of the theft. In United States v Thornton, 8 USCMA 57, 23 CMR 281, the accused

**47**

was charged, among other things, with unlawful purchase of a stolen Army pistol. The weapon had allegedly been stolen several months before the purchase. There was evidence the pistol had defective and missing parts when purchased by the accused; other evidence indicated a pistol of like kind was "readily obtainable" in the local market at a price less than the $53.00 shown as the price in the official Army price list. This Court sustained the use of a price list as evidence of market value. However, in view of the undisputed evidence of substantial defects in the pistol at the time it was obtained by the accused, we held that the prosecution had not met its burden of proving value in excess of $50.00, as alleged.

In our opinion, the instruction here fully and accurately advised the court-martial it was not bound ▌ by the price set out in the supply manual in determining the value of the uniform. When the price list was first introduced, the court members were specifically "admonished" by the law officer that there were other matters which had to be considered in the determination of value. These matters were referred to in the final instructions. It is significant that even trial counsel did not maintain the price list was conclusive of the question of value; he thought it necessary to emphasize the "newness" of the uniform. Considered alone, the word "deemed" has an emphasis which is not justified by the price list; but the instructions as a whole leave no room to doubt that the members of the court-martial fully understood the value of the uniform was an issue for their consideration, and that their determination was to be based upon *all* the evidence. There is no prejudice in the instructions.

The decision of the board of review is affirmed.

Judge LATIMER concurs.

FERGUSON, Judge (dissenting):

I dissent.

There is certainly no doubt, and the majority opinion here concedes, that a

48

Government price list is not conclusive on the issue of value, and that value is a matter which must be determined by the court-martial. But I am firmly convinced that the following instructions are erroneous and serve to withdraw that determination from the court's consideration. The portion of the instructions to which I refer provided as follows:

". . . In this connection the court is advised that items of Government issue are *deemed* to have values equivalent to the prices as listed therefor in official publications, *provided* they are in a new or a substantially new condition. Should the court find that such items are in a condition requiring depreciation because of age or use, the court may find any value that it may determine lesser than the value listed in the official publication." [Emphasis supplied.]

The court members, under the above instructions, could well have believed that if they found the uniform ▌ form was in a "new or a substantially new condition" the Government price list was controlling, but if they found it to be used clothing, or as phrased in the instructions, "in a condition requiring depreciation because of age or use," they could consider other evidence of value and find a value lesser than that listed in the official publication.

This, in effect, changed the issue before the court-martial from a requirement that they determined value to one that they ascertain whether the clothing was new, or substantially new, or used. And only if they found that the age or use of the clothing required them to consider depreciation need they go on to a determination of value. If they found the clothing was in new or substantially new condition, the price is "deemed" to be that contained in the Government price list. And, in this respect, it is noted that there was no evidence of use of the clothing. It was unworn and owned by the victim only six weeks. "Deemed," as used here, at the very least, connotes that the price is "accepted as

established fact" or "considered to be" that listed in the official publication. Cf. 551 Fifth Avenue v Wellingbrook, 103 NYS 2d 265, 199 Misc 500. Some cases go even further and consider the use of "deemed" as creating a conclusive presumption. See H. P. Coffee Company v Reconstruction Finance Corp. 215 F 2d 818 (US Emer CA, Mo) (1954). For other definitions, see 11 Words and Phrases (Perm ed), page 478, et seq.

This instruction deprived the court-martial of its right and duty to determine value and amounted to a directed verdict. The law officer, by his instructions, usurped the exclusive duty of the court-martial to make this determination and in doing so committed prejudicial error. The accused was entitled to have the essential element of value determined by the members of the court.

I believe the language of paragraph 200a, Manual for Courts-Martial, United States, 1951, concerning the use of Government price lists, from which the law officer here apparently obtained the objectionable instructions, was intended to provide a ready source of evidence of value in a situation where there is no market for the goods, i.e., Government issue, and where, consequently, evidence of market value might otherwise be lacking. In such cases, the jury would start with the new price in the Government price list as evidence of market value, and reduce that amount for depreciation through age and use if appropriate. However, where there is other evidence, e.g., as the expert testimony in the instant case, as to what the market value is, the matter must be submitted to the court-martial under proper instructions and they are the ones who determine how much weight shall be given the Government price list, as well as other evidence of value. The use of the word "deemed" in the context used here placed undue emphasis on the Government's evidence and, as indicated above, actually removed the determination of value from the court's consideration.

I would, therefore, reverse the decision of the board of review.