UNITED STATES, Appellee

v

ALBERT GAINES, Jr., Private First Class,
U. S. Army, Appellant

17 USCMA 481, 38 CMR 279

No. 20,622

April 19, 1968

Captain *Thomas D. Wise* argued the cause for Appellant, Accused. With him on the brief were Colonel *Daniel T. Ghent,* Lieutenant Colonel *Martin S. Drucker,* Captain *Anthony F. Ciluffo,* and Captain *John Kagel.*

Captain *Harvey L. Anderson* argued the cause for Appellee, United States. With him on the brief were Lieutenant Colonel *David Rarick* and Major *John F. Webb, Jr.*

## Opinion of the Court

QUINN, Chief Judge:

A general court-martial in Vietnam convicted the accused of desertion with intent to shirk important service and two specifications of unauthorized absence, in violation of Articles 85 and 86, Uniform Code of Military Justice, 10 USC §§ 885 and 886, respectively. On this appeal, he contends he was prejudiced by errors in the instructions as to the desertion offense and as to the sentence.

At trial, the accused entered a plea of guilty to each of the unauthorized absence offenses and, in regard to the desertion charge, pleaded guilty to the lesser offense of unauthorized absence. After an out-of-court inquiry indicated he understood the meaning and effect of his pleas of guilty, they were formally accepted. The Government then presented evidence in support of the desertion offense. It established that the accused was a rifleman in a rifle company in Vietnam. He was granted compassionate leave in the United States, but remained absent past the authorized period. On returning to Vietnam, he again absented himself without authority. When he returned to the company area from this absence, his unit was engaged in Operation Charleston against the Viet Cong. The executive officer informed him he was "to prepare himself to go to the field" the next day. Again, the accused absented himself; he remained away from December 1, 1966, to January 9, 1967. During his absence, the accused's unit returned to the base camp, engaged for a time in local patrols during which it had "considerable contact" with the enemy, and then moved into a "big operation" in the Iron Triangle area. The absence was charged as desertion "with intent to shirk important service namely: his job as a rifleman in a rifle platoon in a rifle company engaged in hostile action against enemy forces in the Republic of Vietnam." Testifying in his own behalf, the accused explained the absence as follows: "I was think-

482

ing about home, financial problems I had and all this, I just didn't know what I was doing so I went AWOL." Throughout the period, he had remained "at replacement, eating and sleeping." Instructing the court members on the essentials of the offense, the law officer charged as follows:

"Now in Charge II and the Specification thereunder the offense of a desertion with intent to shirk important service is alleged. The elements of this offense are as follows: That on 1 December 1966 at the base camp area of Campany [sic] A, 2d Battalion, 18th Infantry, Republic of Vietnam, the accused quit his place of duty as alleged; that the accused did so with the intent to shirk important service as alleged; namely his job as rifleman in a rifle platoon, in a rifle company engaged in hostile action against enemy forces in the Republic of Vietnam; that the accused knew he would be required for such important service and that the accused's desertion if any was at the time alleged, to wit: the particular dates in question."

Appellate defense counsel contend that the determination whether a specified service is important service is a determination of fact for the court-martial, which must be directly instructed it must make that finding before it can convict the accused. See United States v Hyatt, 8 USCMA 67, 23 CMR 291; United States v Merrow, 14 USCMA 265, 34 CMR 45; United States v McKenzie, 14 USCMA 361, 34 CMR 141. They maintain the instructions are materially deficient in this particular. They further maintain that the deficiency is aggravated by an earlier comment by the law officer, which they construe as indicating that the question of important service was "resolved as a matter of law." The comment was made in connection with a request by trial counsel. Before resting the Government's case, trial counsel asked that "judicial notice" be taken that service of an infantry rifleman in an infantry company engaged in operations against a hostile force in Vietnam is important service. The law officer commented on the re-

quest as follows: "I don't believe it's necessary to take judicial notice of that. You have presented evidence to the extent as to what operation the unit was involved in the period of time." Defense counsel was silent during the exchange, and made no reference to it during the remainder of the trial.

Considering first the law officer's comment on trial counsel's request, it is questionable indeed ■■■■■■ ■ whether the court members understood its significance in relation to their responsibility to determine the accused's guilt or innocence. Cf. United States v Ferree, 16 USCMA 506, 37 CMR 126. The colloquy was only between the law officer and counsel. Assuming for the purpose of this appeal, however, that the court members followed the exchange, there is no reasonable basis from which to conclude they regarded it as resulting in a determination by the law officer that the accused's service was important service "as a matter of law." Judicial notice is merely a convenient form of bringing before the court widely-known facts; it is a substitute for other methods of presenting evidence of a fact, and the fact itself may be disputed by other evidence. Manual for Courts-Martial, United States, 1951, paragraph 147, at page 274; Wigmore, Evidence, 3d ed, § 2567. As we interpret the law officer's remark, it was no more than an observation that since the Government had introduced other evidence as to the fact it sought to prove, judicial notice was not necessary. In our opinion, it cannot reasonably be construed as constituting either a ruling that important service was established as a matter of law, or an implied instruction to the court members that the character of accused's service as important service was not a matter for their consideration.

The Manual for Courts-Martial, supra, lists the proof of desertion with the intent to shirk important service as follows: "(a) That the accused quit his unit, organization, or place of duty; (b) that he did so with intent ⸱ . . . to shirk important serv-

**483**

ice; and (c) that his desertion was of a duration, as alleged." The Manual further points out that there should be "evidence of facts raising a reasonable inference that the accused knew with reasonable certainty that he would be required for such . . . important service," and that important service "may include such service as duty in a combat or other dangerous area." *Id.*, at pages 312, 314, and 311, respectively. Comparing the instructions with the Manual's statement of proof indicates the same basic fact requirements are included. We long ago noted, however, that the Manual's statement of proof does not always adequately define the fundamental elements of the offense. United States v Williams, 1 USCMA 231, 2 CMR 137; United States v Strong, 1 USCMA 627, 5 CMR 55; United States v White, 2 USCMA 439, 9 CMR 69. In the *Williams* case, at page 233, for example, we remarked that "discrimination is required to extract *from both the 'Discussion' and 'Proof'* the essential elements of the offense," and the law officer should be certain that all elements "necessary to a proper definition" of the crime are "called to the attention" of the court members. (Emphasis supplied.)

A board of review has listed the essential elements of the offense in issue as follows:

"(a) That, at the time and place alleged, the accused quit his unit, as alleged;

"(b) That the accused did so with intent to shirk important service as alleged;

"(c) That the service to be performed was important;

"(d) That the accused knew that he would be required for such service; and

"(e) That he remained absent in desertion until the date alleged." [United States v Butler, CM 415110, April 21, 1967.]

This formulation apparently combines both the "Proof" and "Discussion" phases of the Manual, including the latter's statement as to evidence of the accused's knowledge that he would be required for important service.[1] It is also apparent that the board of review separated subdivision (b) of the Manual's "Proof" into two components, one dealing with the accused's intent and the other with the nature of his service. This division emphasizes the requirement that the court members find as a separate fact that the service shirked by the accused was important service. See United States v Hyatt, supra.

Had the law officer followed the *Williams'* caution or the board of review's formulation in *Butler*, there would be no occasion for the present appeal. However, the question for our decision is not whether the instructions could have been better framed, but whether they failed to indicate clearly to the court members they had to determine, as a question of fact, that the accused's service was important service.

The instructions delineate the elements of the offense substantially as they were enumerated in a part of the instructions in United States v Merrow, supra. There, we indicated that this formulation "may be ambiguous," although patterned on the Manual's statement of "Proof." *Id.*, at page 269. However, other instructions in *Merrow* clarified the meaning of the challenged part, and we affirmed the accused's conviction. Since similar clarifying instructions were not given in this case, appellate defense counsel contend reversal is required. *Merrow* does not require that result. *Merrow* hypothesized the possibility of an ambiguity of meaning from the form of the instructions, but it did not hold that ambiguity actually existed. It did hold that apparent ambiguity of part of an instruction may be resolved by

---

[1] Whether knowledge is an independent element, or merely evidence tending to prove the accused's intent to shirk important service, need not detain us. Cf. United States v Hemp, 1 USCMA 280, 3 CMR 14; United States v Stabler, 4 USCMA 125, 15 CMR 125. Including knowledge as a separate matter for determination by the court members may be more helpful to them than specifically limiting consideration to the accused's intent.

considering it in context with other related or connected parts. Here, the court members were required to determine beyond a reasonable doubt that the accused absented himself "with the intent to shirk important service," and the nature of the service was set out. They were also required to find beyond a reasonable doubt that the accused "knew he would be required for such important service." In deliberating on these elements of the offense, the court members necessarily had to consider whether the service alleged in the charge was important service. We are convinced, therefore, that while the instructions could have been framed more artfully, they were sufficient to require the court members to find all the facts essential to conviction. See United States v Thompson, 10 USCMA 45, 48, 27 CMR 119.

Turning to the instructions on the sentence, appellate defense counsel contend they are prejudicially inadequate in that they refer only to the maximum legal punishment and the mechanics of voting. See United States v Wheeler, 17 USCMA 274, 38 CMR 72. The Government concedes error, but contends the leniency of the sentence, as substantially reduced by the convening authority in disregard of the recommendation of his staff judge advocate, demonstrates the absence of prejudice. See United States v Mabry, 17 USCMA 285, 286, 38 CMR 83. Considering all the circumstances in the record, we think it better to return the case for reassessment of the sentence in light of the instructional error.

The decision of the board of review as to the sentence is reversed. The record of trial is returned to the Judge Advocate General of the Army for submission to the board of review for reconsideration of the sentence.

Judges FERGUSON and KILDAY concur.