UNITED STATES, Appellee

v

JAMES M. SMITH, Private, U. S. Army, Appellant

18 USCMA 46, 39 CMR 46

*Captain Dennis R. Hunt* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent* and *Major David J. Passamaneck.*

*Captain William R. Steinmetz* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel David Rarick* and *Major Edwin P. Wasinger.*

## Opinion of the Court

FERGUSON, Judge:

Accused was convicted, contrary to his plea, by general court-martial of one specification of desertion with intent to avoid hazardous duty, two specifications of willful disobedience of a lawful order, and one specification of willful destruction of military property, in violation of Uniform Code of Military Justice, Articles 85, 90 and 108, 10 USC §§ 885, 890 and 908, respectively. He was sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for five years. The convening authority affirmed the findings and sentence but a board of review, upon a finding that one of the order offenses merged with the desertion specification, reduced the period of confinement to three years and affirmed the remainder of the sentence.

We granted review to determine whether the evidence is legally sufficient to sustain the charge of desertion with intent to avoid hazardous duty.

The evidence of record reflects that the accused, a member of a training unit at Fort George G. Meade, Maryland, personally received a set of orders from his commanding officer on March 1, 1967, directing him to report to Fort Dix, New Jersey, on March 3 for assignment to the "18 ENGR Bde APO SF 96307." He left the area, despite an order to report to the First Sergeant's office (one of the charged offenses), and did not return until March 8th. The court, without objection, took judicial notice of the fact that APO 96307 is located in Saigon.

During the trial and in the presence of the court, the prosecution requested that the law officer also take judicial notice of the fact that service in the Republic of Vietnam, and its coastal waters, is defined as hazardous duty. When the defense objected, the law officer replied that in his view the question involved both a point of law and an overall factual conclusion and, as such, a question of fact to be decided by the members of the court. Later, in an out-of-court hearing, trial counsel renewed his request but limited it to asking the law officer to instruct the court to the effect that it is general knowledge that there is hostile action throughout the area of Vietnam, including small arms and artillery, and other types of hostile action against troops in Vietnam. In this regard and as the basis for his request, trial counsel called attention to Army Regulation 37-104, promulgated in furtherance of 37 USC § 310, which provides for special pay for those assigned within areas defined as hostile. Defense counsel objected to the introduction into evidence of the Army regulation on the ground that it contained an *administrative* determination that service in Vietnam was hazardous duty, a fact to be determined by the court. He also asserted that if judicial notice is taken of the regulation, that he, as counsel for the accused, would thereby be deprived of his right to cross-examine on a specific element in the charge. The law officer ruled that

47

while the question of hazardous duty remained one of fact to be decided by the court members, he would take judicial notice of the substance of the regulation. He directed that trial counsel could so inform the court and he would inform them that they could consider the hostile fire pay regulation as a factor in their determination of the contested issue.

When the members reconvened, the law officer announced that "[t]he court will take judicial notice of certain provisions of Army Regulation 37-104 which has to do with hostile fire pay." He then directed trial counsel to state the substance of those provisions. The latter complied as follows:

"TC: . . . AR 37-104, Section 108-52, refers to the basic authorization under the basic statute 37 U.S.C. 310, which in turn authorizes special pay at the rate of $65.00 per month for members on duty subject to hostile fire. Section 108-53 of that regulation extends that entitlement to hostile fire pay to those serving in Vietnam as defined by that section. 108-53b reads, in part: Vietnam includes the total land area, North and South Vietnam, including inland waters and the adjacent sea area west of the land, and it continues to define an area of the Sea surrounding Vietnam. Section 108-54 of the regulation further defines eligibility as extending to those who are permanently assigned within the area defined and to those required to perform duty in a hostile fire area as defined in the section that I just read part of to you. Captain Katz [defense counsel], are there any other points in the regulation that you would like to have brought to the court's attention?

"AIC: No, there are none."

In his instructions to the court, the law officer, in pertinent part, told the court:

"You are further advised that hazardous duty is that duty which involves danger, risk or peril to the individual performing the duty.

The conditions and circumstances existing at the time the duty is to be performed determine whether the duty is dangerous, risky or perilous.

"Now, further on this question of hazardous duty, as my statement of the elements implied, the question of whether the duty to which the accused was allegedly assigned, that is, service in Vietnam, was at that time hazardous duty is a question of fact for the court. On this issue you may consider not only the evidence introduced in court including the provisions of the Army Regulation regarding hostile fire pay, but also matters of common and general knowledge in the military service, concerning the nature of the conflict in Vietnam and the risks incident to that conflict. Such matters include the fact that the conflict, to a large extent, has been a guerrilla conflict in nature without stable fronts, and that in some areas there has been little or no large scale fighting, and that military and terrorist activities, that military and terrorist attacks sometimes occur in areas normally considered secure.

"Now, I've told you that you may consider matters which are of general and common notoriety throughout the military service. I do want to tell you, though, that a member should not himself consider or discuss with the other members any particular or personal knowledge he might have on this issue of hazardous duty such as information which he acquired while serving in Vietnam, and I also want to emphasize that the hostile fire pay regulations are only one other factor to be considered by you with the other matters. You should give this regulation on hostile pay provisions only such weight in your determination as you believe it deserves."

This accused was charged specifically with desertion "with intent to avoid hazardous duty, namely service in Viet Nam." In his instructions on the elements, the law officer told the

members that in order to find the accused guilty as charged it must find he absented himself and remained absent from his unit for the period alleged with the intent of avoiding duty in Vietnam and *"that this duty was hazardous."* (Emphasis supplied.) In furtherance of its proof on the latter element, the Government presented the substance of the Army's hostile pay regulation and argued, in effect, that *all duty in Vietnam is hazardous.* Trial counsel admitted "the prosecution has been unable to tell you exactly what Smith's duties were going to be when he arrived in Vietnam. That is impossible. We don't know. He wouldn't have been assigned to duties until he got to Vietnam." He argued further that "[t]he defense's theory on this point is that if you can't show the specific duties and prove that they were hazardous, you can't charge the man with trying to avoid hazardous duty. I submit that that's incorrect."

Thus, trial counsel joined the issue and we think correctly so. There was no evidence as to the specific duties accused would have been expected to perform in Vietnam, with the exception of the data in his orders reflecting assignment to an engineer brigade having a post-office designation as Saigon. In this posture of the record, unless we can say, *as a matter of law,* that all service in Vietnam is hazardous duty, the specification must fall.

At this level, the Government suggests that if it is determined the evidence is insufficient to establish that all service in Vietnam is hazardous, it is nevertheless sufficient to establish that the duty was important service. In that regard, we must point out that *hazardous duty* and *important service* are not correlative, although they may exist at the same time and are chargeable under the same section of the Code. Hazardous duty has been recognized in the same pay regulation referred to by trial counsel (AR 37-104) as duty involving: (1) frequent and regular participation in aerial flights; (2) parachute jumping; (3) demolition of explosives; and (4) as a human test subject in stress experiments. Significantly, no mention is made there of combat duty. We have held *important service* to include: Basic training (United States v Deller, 3 USCMA 409, 12 CMR 165; United States v O'Neil, 3 USCMA 416, 12 CMR 172); overseas transfer for duty in combat areas (United States v Willingham, 2 USCMA 590, 10 CMR 88; United States v Shull, 1 USCMA 177, 2 CMR 83); icebreaker duty during Operation Deepfreeze (United States v Merrow, 14 USCMA 265, 34 CMR 45); and many others. Important service can exist in peace or wartime, as can hazardous duty. The Manual for Courts-Martial, United States, 1951, at paragraph 164a(2), states that "'hazardous duty' or 'important service' *may* include such service as duty in a combat or other dangerous area." (Emphasis supplied.) See also United States v Squirrell, 2 USCMA 146, 7 CMR 22, and United States v Cook, 2 USCMA 223, 8 CMR 23, regarding hazardous duty during combat in Korea.

In United States v Shepard, 1 USCMA 487, 4 CMR 79, we found the evidence insufficient to support the offense of desertion with intent to avoid hazardous duty where the accused was absent from his combat unit in Korea for 117 days (December 1, 1950–March 27, 1951). His unit, while assigned the mission of guarding supply lines in a combat zone, was not in contact with the enemy, but was in fact some 200-300 miles from the enemy. See also United States v Justice, 1 USCMA 643, 5 CMR 71. In each of the cited cases we adverted to the fact that the trial court, under the circumstances therein found, might have inferred an intent on the part of the accused to shirk important service. We did not, however, avail ourselves of the opportunity to so hold as a matter of law. The issue is, and remains, one of fact for the court-martial to decide under appropriate instructions. United States v Hyatt, 8 USCMA 67, 23 CMR 291.

Most recently, in United States v Gaines, 17 USCMA 481, 38 CMR 279, the question was again before us, although indirectly. There the accused was charged with desertion with intent to shirk important service, " 'namely: his job as rifleman in a rifle platoon in a rifle company engaged in hostile action against enemy forces in the Republic of Vietnam.' " The defense contended that the law officer failed to *specifically* inform the court that it must find the above-denominated service important as a matter of fact before it could return a conviction on the charge. It is true that the law officer did not in so many words place this burden upon the members. We did, however, find that though his instructions could have been framed more artfully, they were sufficient to require the court members to find all the facts essential to conviction. Cf. United States v Thompson, 10 USCMA 45, 27 CMR 119. Had we been so inclined, we would have, at that time, held the specified service important as a matter of law.

In like manner, we decline to hold that all service in Vietnam is hazardous duty as a matter of law. The issue is one of fact for the members of the court to decide and the burden is on the Government to present the proof thereof. See generally, Manual, supra, paragraph 164, Desertion, Discussion, and Proof, pages 310-314.

In the case at bar we find the evidence, as recounted above, insufficient as a matter of law to sustain the charge. While proof of the accused's assignment to Saigon, and the fact that hostile pay is afforded personnel on duty in that area, is some evidence of the potential for hazardous duty, it is not sufficient to sustain the inference that this accused was to be so assigned. Something more is needed.

Accordingly, the decision of the board of review is reversed. The record of trial is returned to the Judge Advocate General of the Army. A board of review may affirm a finding of a lesser offense (absence without leave was instructed upon) and reassess the sentence accordingly or a rehearing may be ordered.

Chief Judge QUINN concurs.