### UNITED STATES

v.

**Stephen H. WOLFF, Jr., 568 73 7862 Seaman Recruit (E–1), U.S. Navy.**

**NMCM 87 1141.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 6 Jan. 1987.

Decided 25 Nov. 1987.

---

LCDR J.J. QUIGLEY, JAGC, USN, Appellate Defense Counsel.

CDR DOUGLASS L. CUSTIS, JAGC, USNR–R, Appellate Defense Counsel.

LT J.A. TOLIVER, JAGC, USNR, Appellate Defense Counsel.

LCDR L. FRIEDMAN, JAGC, USN, Appellate Government Counsel.

Before RILEY, CASSEL and MIELCZARSKI, Judges.

RILEY, Senior Judge:

Although there was no initial assignment of error in this case, we requested briefs to discuss the only real issue litigated at trial, i.e., whether serving a sentence to confinement is "important service" within the meaning of Article 85, 10 U.S.C.A. § 885, Uniform Code of Military Justice (UCMJ).

I

The appellant was tried by summary court-martial on 22 October 1986. His sentence included confinement for 30 days. He realized he would be sent to the brig that same day because he was familiar with these procedures as a result of having been confined a couple of months earlier as a result of a previous summary court-martial. Immediately after his sentencing on 22 October 1986, since there was no master-at-arms present to exercise control over him, he was directed to a chair by the court-reporter (Legalman First Class) and told "you sit here until I return". When the court-reporter left to attend to other duties, the appellant also left. He was apprehended ten days later. This was the basis for the charges of desertion with intent to shirk important service, namely: 30 days confinement adjudged by a summary court-martial; and willful disobedience of a superior petty officer.

At a special court-martial bench trial on 6 January 1987, the appellant pled guilty to disobeying the order of the petty officer, in violation of Article 91, 10 U.S.C.A. § 991, UCMJ, and guilty to the lesser included offense of unauthorized absence for 10 days in violation of Article 86, 10 U.S.C.A. § 886, UCMJ. After a trial on the merits he was found guilty as charged.[1] He was sentenced to confinement for four months; forfeitures of $426.00 pay per month for six months, and a bad-conduct discharge.

II

Paragraph 9(d)(2)(a) of the Manual for Courts–Martial, United States, 1984 (MCM) sets forth some examples of the types of service that would be "important." It states:

"Hazardous duty" or "important service" may include service such as duty in

---

1. The appellant was also charged with and pled guilty to one specification of a violation of Article 92, 10 U.S.C.A. § 992, UCMJ, by possessing drug paraphernalia.

a combat or other dangerous area; embarkation for certain foreign or sea duty; movement to a port of embarkation for that purpose; entrainment for duty on the border or coast in time of war or threatened invasion or other disturbances; strike or riot duty; or employment in aid of the civil power, in, for example, protecting property, or quelling or preventing disorder in times of great public disaster. Such services as drill, target practice, maneuvers, and practice marches are not ordinarily "hazardous duty or important service." Whether a duty is hazardous or a service is important depends upon the circumstances of the particular case, and is a question of fact for the court-martial to decide.

A comparison of this language with that contained in the 1969 and 1951 versions of the Manual for Courts–Martial reveals that these examples have remained virtually unchanged for decades. Even though these descriptions of "hazardous duty" or "important service" are given interchangeably, the offenses are not correlative, although they may exist at the same time and are chargeable under the same section of the UCMJ. *United States v. Smith*, 18 U.S.C. M.A. 46, 39 C.M.R. 46 (1968).

The Court of Military Appeals has held "important service" to include: overseas transfer for duty in combat areas during the Korean War (*United States v. Willingham*, 2 U.S.C.M.A. 590, 10 C.M.R. 88 (1953); *United States v. Shull*, 1 U.S.C. M.A. 177, 2 C.M.R. 83 (1952)); icebreaker duty during Operation Deepfreeze (*United States v. Merrow*, 14 U.S.C.M.A. 265, 34 C.M.R. 45 (1963)); and basic training, when such was a mandatory prerequisite to being shipped overseas during the time of the Korean War. (*United States v. Deller*, 3 U.S.C.M.A. 409, 12 C.M.R. 165 (1953)).

### III

■■■ As mentioned in the previously quoted paragraph of the MCM (1984), whether or not a particular form of service is important or not important is normally a question of fact for the trial court to de-

cide. In this case, however, we are willing to decide this issue as a matter of law. Applying the above principals and precedents to the situation before us, we specifically find as a matter of law that serving ordinary brig time as a result of a summary court-martial conviction for unauthorized absence does not constitute "important service" as envisioned by Congress when it enacted Article 85, UCMJ. Indeed, we cannot think of any possible factual scenario where going to the brig could be equated with "important service." [2] It would appear to be the antithesis of that term. The trial defense counsel recognized the incongruity of the situation when he suggested the government was making a mockery of the term "important service" in this instance. Although the word "mockery" may be a little strong, we have some empathy for this position. Serving 30 days in the brig may have been "important" to Seaman Recruit Wolff's personal rehabilitation, but it was certainly not "important" to the overall scheme of national defense. As Judge Brosman commented in *United States v. Deller, supra*:

> In a large sense—and especially during a period of emergency—all military duty is important—that is, its performance constitutes service which is crucial to the national well-being—perhaps even to its survival. Clearly, however, all service is not "important" within the meaning of Article 85(a)(2), *supra*, else no necessity for the proscription of the crime with which we are concerned at this stage of the discussion would have arisen. Some basis for distinguishing important service from what has been called "ordinary" service must be found to exist. Some critical quality attributable to duty of a certain sort must be present to justify its characterization as "important," as that term is used in the desertion Article of the Code.

3 U.S.C.M.A. at 412, 12 C.M.R. at 165.

### IV

Accordingly, the finding of guilty of Charge I and the specification thereunder

---

**2.** We concede that a confinee could be given an "important service" assignment after being incarcerated, although such is not likely.

(desertion with intent to shirk important service) is disapproved and set aside. Under this Charge we do affirm a finding of guilty of the lesser included offense of unauthorized absence from 22 October 1986 to 1 November 1986, in violation of Article 86, UCMJ. The remaining findings of guilty are also affirmed.

██ This action on the findings leaves the appellant convicted of disobeying a petty officer's order to remain in place, a ten day unauthorized absence, and possession of drug paraphernalia. The military judge considered the first two offenses multiplicious for sentencing, so we shall follow suit. Viewing the appellant in this new posture, we are unable to determine with certainty that the court would have imposed the same or a similar sentence. *See United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). Due to the nature of the offenses, the circumstances surrounding them, and the appellant's four prior nonjudicial punishments and two summary courts-martial convictions, we are convinced that at a minimum he would have received confinement for four months and associated forfeitures.

In view of the above, the sentence is set aside. A rehearing may be ordered as to the sentence. If this is impractical, the convening authority may purge the error in this case by issuing a new action which approves a sentence no more severe than confinement for four months and forfeiture of $426.00 pay per month for four months.

Judge MIELCZARSKI concurs.

CASSEL, Judge (concurring in the result):

I concur in the result reached in this case because the facts do not support a finding of guilty of intent to avoid important service. I wholeheartedly disagree with my brother's opinion that takes such a finding away from the fact finder and leaves it only to the "keen legal analysis" of appellate judges.