**UNITED STATES, Appellee,**

v.

**Private E2 Rondell L. HOCKER, 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, United States Army, Appellant.**

**ACMR 9002812.**

U.S. Army Court of Military Review.

11 Feb. 1991.

For Appellant: Major Michael J. Kelleher, JAGC, Captain Holly K. Desmarais, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Randy V. Cargill, JAGC, Captain Kenneth H. Goetzke, Jr., JAGC (on brief).

Before De GIULIO, NAUGHTON and VARO, Appellate Military Judges.

## OPINION OF THE COURT

VARO, Judge.

Pursuant to his pleas, the appellant was convicted by a military judge sitting as a general court-martial of conspiracy, desertion, operation of a motor vehicle in a reckless manner, and wrongful appropriation of two automobiles, violations of Articles 81, 85, 111, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 885, 911, and 921 (1982). His approved sentence provides for a bad-conduct discharge, confinement for twelve months, total forfeitures, and reduction to the grade of Private E1.

■ At issue before us is the propriety of the appellant's conviction for desertion.[1] The appellant left his unit, an infantry regiment of the 101st Airborne Division (Air Assault), on 11 August 1990 with proper authority. On 12 August 1990, the day the appellant was due to return, he watched a newscast and saw that his unit was preparing for immediate deployment to Saudi Arabia in response to the 2 August 1990 Iraqi invasion of Kuwait and resultant threat to Saudi Arabia. During the providence inquiry on this charge, the appellant stated he decided he did not want to go to Saudi Arabia and decided to wait until his unit had deployed before returning to Fort Campbell, Kentucky. The appellant told the military judge that the overseas deployment was important service, and that going to Saudi Arabia in early August was hazardous duty in light of the potential for imminent hostilities.

Citing *United States v. Smith*, 39 C.M.R. 46 (C.M.A.1968), the appellant now asserts that there has been no showing that the duty in question was hazardous and therefore, the appellant's plea was improvident.[2] We disagree.

■ By his plea of guilty, the appellant removed from the government the requirement to produce independent evidence "to establish the factual predicate for [his] pleas." *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A.1980). Because "the factual matters underlying the offense were not litigated at trial, we are limited to the facts stated in [the appellant's] responses to the military judge during the providence inquiry." *United States v. Chambers*, 12 M.J. 443, 444 (C.M.A.1982), *citing United States v. Joseph*, 11 M.J. 333 (C.M.A.1981). Our review of the record of trial reveals no improprieties in the providence inquiry. It further reveals that the appellant provided willing and knowledgeable answers during the inquiry which indi-

---

1. The desertion charge against the appellant contains a duplicitous specification which includes both desertion from his unit with intent to remain away therefrom permanently, and desertion with intent to avoid hazardous duty and shirk important service. He was found guilty only of desertion with intent to avoid hazardous duty and shirk important service.

2. The definition of hazardous duty or important service in Manual for Courts–Martial, United States, 1984, Part IV, para. 9c(2)(a) includes, *inter alia*, "duty in a combat or other dangerous area and embarkation for certain foreign or sea duty." This paragraph of the Manual further provides that "whether a duty is hazardous or a service is important depends upon the circumstances of the particular case, and is a question of fact for the court-martial to decide." *Id.*

cate that "the accused himself believes he is guilty [and] that the factual circumstances [he] revealed objectively support" his plea. *Davenport*, 9 M.J. at 367. Finally, we find that the information gained from the plea inquiry and the stipulation of fact set forth a clear basis for the military judge's determination that the appellant's absence was for the purpose of shirking important service.[3]

The issue of sentence appropriateness raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) is without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge De GIULIO and Judge NAUGHTON concur.

---

**3.** As we have found sufficient evidence to support the appellant's plea of guilty to desertion with intent to shirk important service, we need not determine whether the duty in question was hazardous at the time.