# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Senior Airman JACOB D. CAMERON
## United States Air Force

## ACM 38581

## 8 October 2015

Sentence adjudged 8 January 2014 by GCM convened at Joint Base Elmendorf-Richardson, Alaska. Military Judge: Todd E. McDowell (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 5 months, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Michael A. Schrama.

Appellate Counsel for the United States: Major Roberto Ramirez and Gerald R. Bruce, Esquire.

Before

TELLER, HECKER, and SARAGOSA
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

SARAGOSA, Judge:

A general court-martial composed of a military judge alone convicted Appellant, contrary to his pleas, of four specifications of larceny of military property[1] and four

---

[1] Appellant was charged with six specifications of larceny of military property of a value more than $500.00. Appellant pleaded not guilty to, and was found not guilty of, two of the larceny specifications. With regard to each of the four remaining larceny specifications, Appellant pleaded not guilty, but guilty to the lesser included offense of "wrongful appropriation of some value"—and in each instance he was found guilty of the greater offense as charged.

specifications of disposing of military property in violation of Articles 121 and 108, UCMJ, 10 U.S.C. §§ 921, 908. He was sentenced to a bad-conduct discharge, confinement for 5 months, and reduction to E-1. The convening authority approved the sentence as adjudged.

On appeal, Appellant contends (1) the evidence presented to support three of the larceny specifications of which he stands convicted is factually insufficient to establish the value of the property exceeded $500.00; (2) trial defense counsel were ineffective by failing to object to the admission of certain pretrial statements made by Appellant; (3) the staff judge advocate's recommendation erroneously references the lack of clemency recommendation by the military judge; and (4) the sentence, which includes a bad-conduct discharge, is inappropriately severe. Finding no error materially prejudicial to a substantial right of Appellant occurred, we affirm.

*Background*

Between March and July 2013, military property used in the maintenance of fire trucks went missing from Joint Base Elmendorf-Richardson. After this was reported to security forces, an investigation identified Appellant as a primary subject. The investigation also revealed Appellant had pawned several of these items at a local pawn shop.

Further facts necessary to this opinion will be discussed below.

*Value of Property*

Appellant claims that—with regard to three of the four larceny specifications of which he stands convicted—the evidence is insufficient to establish that the value of the stolen property exceeded $500.00.[2] We disagree.

We review issues of factual sufficiency de novo. *See United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for factual sufficiency is whether, after weighing the evidence in the record and making allowances for not having personally observed the witnesses, this court is convinced of the appellant's guilt beyond a reasonable doubt. *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987). In conducting this unique appellate role, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt" to "make [our] own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *Washington*, 57 M.J. at 399.

---

[2] The items of stolen property in the three specifications at issue were a chainsaw, battery tester, and impact wrench.

In cases of larceny, the value of the property controls the maximum punishment which may be adjudged. *Manual for Courts-Martial*, *United States* (*MCM*), Part IV, ¶ 46.e.(1) (2012 ed.). The *Manual* provides guidance that the value of stolen property "is a question of fact to be determined on the basis of all of the evidence admitted." *MCM*, Part IV, ¶ 46.c.(g)(i). For stolen property that is issued or procured from government sources, a price from an official publication for the property at the time the theft occurred is admissible but not conclusive as to the value of the item, and other evidence may be admitted on the question of its condition and value. *MCM*, Part IV, ¶ 46.c.(g)(ii).

Here, the Government introduced testimony regarding the nature of the equipment, the replacement cost for the stolen military property (which was well over $500 for each item), and the amount Appellant received for pawning the stolen items. Some limited information regarding the age and condition of the items was also presented. We decline to adopt Appellant's arguments that the Government is required to introduce an official publication or that a mathematical computation of depreciated value is required. Instead, we will follow the guidance from the *Manual* and consider all evidence submitted. *MCM*, Part IV, ¶46.c.(g)(i); *see also United States v. Thompson*, 27 C.M.R. 119, 121 (C.M.A. 1958). After considering and weighing the totality of the evidence, we are convinced beyond a reasonable doubt that Appellant stole the three items of military property at issue, and that each was of a value more than $500.

*Ineffective Assistance of Counsel*

Appellant argues that his trial defense counsel were ineffective when they failed to object to the admission of a pretrial statement he made under circumstances violating his rights under Article 31, UCMJ, 10 U.S.C. § 831.

This court reviews claims of ineffective assistance of counsel de novo. *United States v. Mazza*, 67 M.J. 470, 474 (C.A.A.F. 2009). When reviewing such claims, we follow the two-part test outlined by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007). Under *Strickland*, Appellant has the burden of demonstrating (1) a deficiency in counsel's performance that is "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) the deficient performance prejudiced the defense through errors "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." 466 U.S. at 687. Our superior court has applied this standard to military courts-martial, noting that "[i]n order to prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361 (C.A.A.F. 2010) (citing *Strickland*, 466 U.S. at 687; *Mazza*, 67 M.J. at 474).

The deficiency prong requires the appellant to show his defense counsel's performance "fell below an objective standard of reasonableness," according to the prevailing standards of the profession. *Strickland*, 466 U.S. at 687–88. The prejudice prong requires the appellant to show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. We need not decide if trial defense counsel was deficient if the second prong of *Strickland* regarding prejudice is not met. *See United States v. Saintaude*, 61 M.J. 175, 183 (C.A.A.F. 2005).

In the matter before us, trial defense counsel notified the Government of its intent to call Staff Sergeant (SSgt) SD, Appellant's supervisor, as a sentencing witness. This notification was made in the afternoon of Friday, 3 January 2014. On Monday, 6 January 2014, trial counsel interviewed SSgt SD and discovered he had asked Appellant why he had taken the items from the shop and elicited Appellant's response that he did it to get his then-supervisor in trouble. The trial counsel then notified trial defense counsel of Appellant's statement and of the Government's intent to call SSgt SD as a prosecution witness in findings. This notification came at approximately 1630 hours that Monday, while trial defense counsel were conducting pretrial interviews.

The court-martial began the following morning, 7 January 2014. Trial defense counsel did not raise a motion to suppress this statement from Appellant to his supervisor prior to arraignment. Prior to SSgt SD being called as a witness, but after the Government's case-in-chief had begun, trial defense counsel informed the military judge of their motion to suppress. The record of trial indicates trial defense counsel raised the motion at approximately 1518 hours, after an afternoon recess, on 7 January 2014. Trial defense counsel explained the delay in raising the motion was due to the recency of the Government's notice and the lack of opportunity to fully discuss the issue amongst the trial defense counsel until the preceding lunch break.

Argument on this motion was heard the morning of 8 January 2014. The military judge further explored the delay in raising the motion to determine whether there was good cause. In response, trial defense counsel was frank with the military judge in stating that trial defense counsel did not spot the issue until the morning after disclosure of the statement by the Government. According to the stipulations between counsel as to the facts surrounding the notice and the findings of the military judge, eleven hours elapsed between the Government's notification of the statement and trial defense counsel raising the suppression motion. In the interim, the arraignment was held and pleas were entered.

Ultimately, the military judge concluded the trial defense counsel had "sufficient time prior to arraignment to identify and raise the issue to the court prior to the entry of pleas," and denied the motion "on the basis that it was not timely made under Military Rule of Evidence 304, and no good cause [had] been shown by the defense to consider

the issue after arraignment." *See* Mil. R. Evid. 304(d)(2)(A) ("Motions to suppress or objections under this rule or [Mil. R. Evid. 305] to statements that have been disclosed shall be made by the defense prior to submission of a plea. In the absence of such motion or objection, the defense may not raise the issue at a later time except as permitted by the military judge for good cause shown."). The military judge also found that SSgt SD should have provided an Article 31(b), UCMJ, 10 U.S.C. § 831(b), rights advisement to Appellant but did not. He also found the statement was otherwise voluntary in all respects.

It is important to note the military judge also announced he would "give this statement whatever weight is necessary during deliberations, and provide a determination prior to the announcement of findings what, if any, consideration or weight was given to the statement prior to entering of findings." Accordingly, prior to announcing the findings, the military judge stated, "[A]lthough I did admit the testimony from [SSgt SD] on this matter, I did not consider it for any purpose during my deliberations on findings."

Relying on his counsel's discussion with the military judge, Appellant now contends his counsel's failure to object in a timely manner constituted ineffective assistance of counsel. He notes the military judge only stated that he did not consider SSgt SD's testimony for findings and did not mention the impact, if any, on sentencing. Appellant also notes that the trial counsel referenced SSgt SD's testimony during his sentencing argument. Based on this, Appellant argues his sentence was adversely affected by this evidence.

It is unnecessary for us to determine whether trial defense counsel's performance was deficient, as Appellant cannot meet the prejudice prong of the *Strickland* test. To prevail on that prong, Appellant must demonstrate "a reasonable probability that, but for counsel's [deficient performance] the result of the [sentencing] proceeding would have been different. *United States v. Datavs*, 71 M.J. 420, 424 (C.A.A.F. 2012) (quoting *Strickland*, 466 U.S. at 694) (alterations in original) (internal quotation marks omitted). Appellant has not met that burden. The military judge made it clear that the evidence was not considered for any purpose during findings. Furthermore, a review of the record reveals a clear government theory that Appellant's motive for committing the offenses was for monetary gain due to his financial problems. This theme was present throughout the Government's sentencing argument with only a single reference to Appellant's statement to SSgt SD. We find no reasonable probability of a different sentence had the motion been timely raised and SSgt SD's statement suppressed. Without a showing of prejudice, Appellant's ineffective assistance of counsel claim must fail.

*Staff Judge Advocate Recommendation (SJAR)*

Rule for Courts-Martial (R.C.M.) 1106(d)(3) requires the staff judge advocate to provide the convening authority any recommendation for clemency made by the

sentencing authority in conjunction with the announced sentence. Here, the military judge made no such recommendation when he announced the sentence. The staff judge advocate accurately noted this fact in the SJAR, stating, "The military judge was the sentencing authority in this case and he did not make any clemency recommendations in conjunction with the announcement of sentence." Appellant now complains this statement should not have been included in the SJAR as it would likely cause the convening authority to surmise that the lack of a recommendation is a negative factor he must consider in determining whether to grant clemency.

Appellant submitted clemency matters without addressing this comment in the SJAR. An addendum to the SJAR was prepared for the convening authority. After consideration, the convening authority approved the findings and sentence as adjudged and took action on the case.

"Failure of counsel for the accused to comment on any matter in the recommendation or matters attached to the recommendation in a timely manner shall waive later claim of error with regard to such matter in the absence of plain error." R.C.M. 1106(f)(6); *see also United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005). Under a plain error analysis, an appellant must show: (1) that there was error, (2) that the error was plain or obvious, and (3) that the error materially prejudiced a substantial right. *Id.* We find the factually accurate statement that there was no recommendation for clemency by the sentencing authority appropriate and not error. Appellant is, therefore, entitled to no relief.

*Sentence Appropriateness*

We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006); *see also United States v. Baier*, 60 M.J. 382, 383–84 (C.A.A.F. 2005). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006), *aff'd*, 65 M.J. 35 (C.A.A.F. 2007); *see also United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982). While we have a great deal of discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *See United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999); *United States v. Healy*, 26 M.J. 394, 395–96 (C.M.A. 1988).

Applying these standards to the present case, we do not find Appellant's sentence inappropriately severe. We see nothing about the manner in which Appellant was

charged that renders his sentence inappropriate. Rather, we find his sentence appropriate given the nature of the offenses and his prior disciplinary record.

## *Conclusion*

The approved findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court